## STATEMENT THAT THIS APPEAL IS NOT FRIVOLOUS AND HAS MERIT

This appeal is not frivolous because it presents a substantial and non-speculative question concerning the district court's subject-matter jurisdiction under controlling Supreme Court and Ninth Circuit precedent. After removal, Plaintiffs voluntarily amended their complaint under Federal Rule of Civil Procedure 15, and Dkt. 14 superseded the original complaint and eliminated the federal claims that had supplied the asserted removal anchor. In *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22 (2025), the Supreme Court held that after a post-removal amendment, "a federal court's jurisdiction depends on what the new complaint says." The Ninth Circuit subsequently recognized and applied that principle in *Faulk v. JELD-WEN, Inc.*, 159 F.4th 618 (9th Cir. 2025), and *Walker v. State of Arizona*, No. 24-1806, 2025 WL 2970598 (9th Cir. Oct. 22, 2025). The district court's challenged Rule 60(b)(4) ruling was entered after those authorities became controlling, yet it continued to rely on the earlier "colorability" determination without resolving the jurisdictional consequence of Dkt. 14 under *Royal Canin*.

The appeal also has merit because the record presents a second, unresolved jurisdictional issue that the district court expressly declined to decide. Kaiser's Dkt. 22 contains federal Lanham Act counterclaims, but it separately pleads a state-law breach-of-contract claim. Dkt. 135 expressly declined to determine whether Kaiser's counterclaims independently supplied the federal jurisdiction necessary to support that state-law claim, while citing authority questioning the continuing validity of the pre-*Royal Canin* framework. Thus, the appeal does not depend upon ignoring Kaiser's federal counterclaims; rather, it asks the Ninth Circuit to determine whether those counterclaims actually supplied a legally sufficient jurisdictional basis for the state-law claim that produced the challenged relief. That unresolved question, combined with the continuing injunction and financial consequences, presents a concrete controversy appropriate for appellate review.

Accordingly, Appellants respectfully submit that this appeal presents a legitimate and substantial jurisdictional issue, not a frivolous challenge to an unfavorable merits ruling. Appellants do not ask this Court merely to reconsider whether the original federal theory was meritorious; they ask whether, after the operative pleading changed and under the controlling law now in force, the federal court continued to possess subject-matter jurisdiction over the surviving state-law controversy. If *Royal Canin* required the court to look to Dkt. 14, and if no

independent federal jurisdictional basis remained sufficient to support the claims adjudicated, the resulting orders—including the Rule 12 dismissal, anti-SLAPP ruling, fee award, and jurisdictionally dependent later relief—cannot stand merely because the original federal theory was once considered colorable. That presents a serious legal question warranting appellate determination.