# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

## Form 4. Motion and Affidavit for Permission to Proceed in Forma Pauperis

*Instructions for this form: http://www.ca9.uscourts.gov/forms/form04instructions.pdf*

**9th Cir. Case Number(s)** 26-5215

**Case Name** Dean, et al. v. Kaiser Foundation Health Plan, Inc., et al.

**Affidavit in support of motion:** I swear under penalty of perjury that I am financially unable to pay the docket and filing fees for my appeal. I believe my appeal has merit. I swear under penalty of perjury under United States laws that my answers on this form are true and correct. 28 U.S.C. § 1746; 18 U.S.C. § 1621.

**Signature** Liza D Dean **Date** August 31, 2026

The court may grant a motion to proceed in forma pauperis if you show that you cannot pay the filing fees **and** you have a non-frivolous legal issue on appeal. Please state your issues on appeal. (*attach additional pages if necessary*)

Please see attached.

1. *For both you and your spouse, estimate the average amount of money received from each of the following sources during the past 12 months. Adjust any amount that was received weekly, biweekly, quarterly, semiannually, or annually to show the monthly rate. Use gross amounts, that is, amounts before any deductions for taxes or otherwise.*

| | **Average monthly amount during the past 12 months** | | **Amount expected next month** | |
|---|---|---|---|---|
| **Income Source** | **You** | **Spouse** | **You** | **Spouse** |
| Employment | $ 200 | $ 0 | $ 0 | $ 0 |
| Self-Employment | $ 0 | $ 700 | $ 300 | $ 300 |
| Income from real property (such as rental income) | $ | $ | $ | $ |
| Interest and Dividends | $ | $ | $ | $ |
| Gifts | $ | $ | $ | $ |
| Alimony | $ | $ | $ | $ |
| Child Support | $ | $ | $ | $ |
| Retirement (such as social security, pensions, annuities, insurance) | $ | $ | $ | $ |
| Disability (such as social security, insurance payments) | $ | $ | $ | $ |
| Unemployment Payments | $ 785 | $ | $ | $ |
| Public-Assistance (such as welfare) | $ | $ | $ | $ |
| Other (specify) | $ | $ | $ | $ |
| **TOTAL MONTHLY INCOME:** | $ 985 | $ 700 | $ 300 | $ 300 |

2. *List your employment history for the past two years, most recent employer first.*
*(Gross monthly pay is before taxes or other deductions.)*

| Employer | Address | Dates of Employment | Gross Monthly Pay |
|---|---|---|---|
| Rag Consulting | 49613 Cesar Chavez, Coachella,CA | From 12/2014<br>To 09/2026 | $ 2,398 |
| | | From<br>To | $ |
| | | From<br>To | $ |
| | | From<br>To | $ |

3. *List your spouse's employment history for the past two years, most recent employer first.*
*(Gross monthly pay is before taxes or other deductions.)*

| Employer | Address | Dates of Employment | Gross Monthly Pay |
|---|---|---|---|
| Self-employed | | From 01/2014<br>To 12/26 | $ 1,800 |
| | | From<br>To | $ |
| | | From<br>To | $ |
| | | From<br>To | $ |

4. *How much cash do you and your spouse have?* $ 0

*Below, state any money you or your spouse have in bank accounts or in any other financial institution.*

| **Financial Institution** | **Type of Account** | **Amount You Have** | **Amount Your Spouse Has** |
|---|---|---|---|
| Chase | Checking | $ -27 | $ -27 |
| SoFi | Checking | $ 50 | $ 0 |
| Chime | Checking | $ 10 | $ 0 |
| | | $ | $ |

***If you are a prisoner seeking to appeal a judgment in a civil action or proceeding, you must attach a statement certified by the appropriate institutional officer showing all receipts, expenditures, and balances during the last six months in your institutional accounts. If you have multiple accounts, perhaps because you have been in multiple institutions, attach one certified statement of each account.***

5. *List the assets, and their values, which you own or your spouse owns. Do not list clothing and ordinary household furnishing.*

| **Home** | **Value** | **Other Real Estate** | **Value** |
|---|---|---|---|
| N/A | $ | | $ |

| **Motor Vehicle 1: Make & Year** | **Model** | **Registration #** | **Value** |
|---|---|---|---|
| N/A | | | $ |
| **Motor Vehicle 2: Make & Year** | **Model** | **Registration #** | **Value** |
| | | | $ |

| Other Assets | Value |
|---|---|
| N/A | $ |
| | $ |
| | $ |

6. *State every person, business, or organization owing you or your spouse money, and the amount owed.*

| Person owing you or your spouse | Amount owed to you | Amount owed to your spouse |
|---|---|---|
| N/A | $ | $ |
| | $ | $ |
| | $ | $ |

7. *State the persons who rely on you or your spouse for support. If a dependent is a minor, list only the initials and not the full name.*

| Name | Relationship | Age |
|---|---|---|
| N/A | | |
| | | |
| | | |

8. *Estimate the average monthly expenses of you and your family. Show separately the amounts paid by your spouse. Adjust any payments that are made weekly, biweekly, quarterly, semiannually, or annually to show the monthly rate.*

| | **You** | **Spouse** |
|---|---|---|
| Rent or home-mortgage payment (include lot rented for mobile home) | $ | $ |
| - Are real estate taxes included? ◯ Yes ◯ No | | |
| - Is property insurance included? ◯ Yes ◯ No | | |
| Utilities (electricity, heating fuel, water, sewer, and telephone) | $ 200 | $ |
| Home maintenance (repairs and upkeep) | $ | $ |
| Food | $ 200 | $ 200 |
| Clothing | $ | $ |
| Laundry and dry-cleaning | $ | $ |
| Medical and dental expenses | $ | $ |
| Transportation (not including motor vehicle payments) | $ 140 | $ |
| Recreation, entertainment, newspapers, magazines, etc. | $ | $ |
| Insurance (not deducted from wages or included in mortgage payments) | | |
| - Homeowner's or renter's | $ | $ |
| - Life | $ | $ |
| - Health | $ | $ |
| - Motor Vehicle | $ 142 | $ |
| - Other | $ | $ |
| Taxes (not deducted from wages or included in mortgage payments) | | |
| Specify | $ | $ |

| | You | Spouse |
|---|---|---|
| Installment payments | | |
| - Motor Vehicle | $ 705 | $ |
| - Credit Card (name) | $ | $ |
| - Department Store (name) | $ | $ |
| Alimony, maintenance, and support paid to others | $ | $ |
| Regular expenses for the operation of business, profession, or farm (attach detailed statement) | $ | $ |
| Other (specify) | $ | $ |
| **TOTAL MONTHLY EXPENSES** | $ 1,387 | $ 200 |

9. *Do you expect any major changes to your monthly income or expenses or in your assets or liabilities during the next 12 months?* ○ Yes ◉ No

If Yes, describe on an attached sheet.

10. *Have you spent—or will you be spending—any money for expenses or attorney fees in connection with this lawsuit?* ○ Yes ◉ No

If Yes, how much? $

11. *Provide any other information that will help explain why you cannot pay the docket fees for your appeal.*

I have been unemployed since September of 2025. My spouse also unemployed since December 2025. my unemployment payments ended April 2026.
The only current income is from babysitting my grandchild. Most all other household expenses are covered by our adult children with whom we currently reside.

12. *State the city and state of your legal residence.*

City: Coachella State: California

Your daytime phone number (ex., 415-355-8000): 323-314-9693

Your age: 61 Your years of schooling: 12

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**STATEMENT OF LIZA D. DEAN IN SUPPORT OF PROCEEDING IN FORMA PAUPERIS AND SHOWING THAT THE APPEAL IS NOT FRIVOLOUS**

I, **Liza D. Dean**, respectfully submit this statement in support of my request to proceed **in forma pauperis** in this appeal. This appeal is not frivolous. It presents a substantial and good-faith question concerning whether the district court possessed subject-matter jurisdiction after the operative complaint was amended following removal, and whether orders entered after that jurisdictional change may remain in force.

The principal issue is straightforward. After Kaiser removed the action to federal court, Plaintiffs filed **Dkt. 14**. The district court itself subsequently construed Dkt. 14 as a voluntary amendment under Federal Rule of Civil Procedure 15(a)(1)(B). Thus, Dkt. 14 became the operative pleading and superseded the complaint upon which removal had originally been based. The amended pleading left the state-law declaratory-relief controversy.

The Supreme Court subsequently decided **Royal Canin U.S.A., Inc. v. Wullschleger, 604 U.S. 22 (2025)**. Royal Canin holds that when a plaintiff voluntarily amends a complaint following removal and eliminates the federal claims supporting federal jurisdiction, jurisdiction must be determined from the amended, operative complaint. The Supreme Court explained that the amended complaint supersedes the former pleading and that jurisdiction follows the operative pleading. Where the amendment eliminates the federal jurisdictional anchor and leaves only state-law claims, supplemental jurisdiction over those remaining claims also disappears and the case must be remanded.

That rule creates a substantial jurisdictional question here because **Dkt. 14 was not merely a dismissal occurring after the district court had adjudicated the removed complaint. Dkt. 14 became the operative complaint before the district court ruled on Dkts. 10 and 11 in Dkt. 31.** The district court expressly recognized the amendment but nevertheless adjudicated motions directed to the superseded pleading and relied upon the purported federal “colorability” of the remaining declaratory-relief controversy.

The appeal therefore asks whether, under Royal Canin, the district court was required to reassess its jurisdiction when Dkt. 14 became the operative pleading and, if no claim within the district court's original jurisdiction remained, remand the surviving state-law controversy rather than adjudicate it.

This is especially significant because the district court's August 10, 2026 order, **Dkt. 135**, was entered after Royal Canin had become controlling Supreme Court authority. Yet the court did not apply Royal Canin's operative-pleading rule to the jurisdictional consequence of Dkt. 14. Instead, the order continued to rely upon the earlier reasoning that the declaratory-relief theory was sufficiently “colorable” to support federal jurisdiction.

The appeal contends that this effectively **inverts Royal Canin**. Royal Canin rejected the proposition that jurisdiction in a removed action necessarily remains fixed by the complaint as it existed at removal. Instead, the Supreme Court held that a voluntary post-removal amendment can change the jurisdictional analysis because the amended complaint becomes operative and supersedes what came before. The Court stated that jurisdiction follows “from (and only from) the operative pleading.”

Accordingly, the relevant question is not simply whether the original complaint contained a sufficiently colorable federal issue when Kaiser removed the action. The substantial appellate question is whether that original jurisdictional theory could continue supplying jurisdiction **after Dkt. 14 superseded the removed complaint**. If the superseded complaint is nevertheless permitted to remain the jurisdictional anchor, the practical result would be the very rule Royal Canin rejected: jurisdiction would remain permanently fixed at removal notwithstanding a subsequent voluntary amendment eliminating the federal basis.

Nor does Kaiser's later **Dkt. 22** eliminate the substantial nature of this appeal. Dkt. 22 was filed after Dkt. 14. The appeal therefore separately raises whether Kaiser's later counterclaims could retroactively preserve jurisdiction over proceedings that, under Plaintiffs' primary Royal Canin theory, should already have been returned to state court after Dkt. 14 became operative. Significantly, Dkt. 135 expressly declined to decide Kaiser's contention that its counterclaims independently supplied federal jurisdiction. Thus, that alternative theory does not make the present jurisdictional appeal frivolous.

The appeal also presents a legitimate procedural issue concerning Dkt. 135. The district court denied the Rule 60(b)(4) motion on August 10, 2026, before Plaintiffs' reply was due and before the scheduled hearing. Royal Canin was controlling law at that time, and Dkt. 135 itself demonstrates the district court's awareness of Royal Canin. Nevertheless, the court did not decide the specific question whether Dkt. 14, which the court had already construed as a Rule 15 amendment, required the jurisdictional analysis to be conducted from that operative pleading.

This appeal therefore does not merely seek another review of the merits of claims that were previously rejected. It challenges the federal court's **power to adjudicate those matters in the first place after Dkt. 14 became the operative pleading**. Subject-matter jurisdiction is fundamental to the validity of the resulting federal orders.

The controversy also continues to have concrete consequences. The challenged federal orders include continuing injunctive and monetary consequences. Appellants seek appellate relief from those orders and remand of the surviving state-law controversy to the court possessing jurisdiction to adjudicate it. The appeal therefore presents an actual and continuing dispute rather than an abstract disagreement concerning an already completed controversy.

For these reasons, I respectfully submit that this appeal presents substantial, non-frivolous questions concerning the application of controlling Supreme Court authority to the district court's subject-matter jurisdiction. Royal Canin establishes that a post-removal amendment can change the jurisdictional analysis and that jurisdiction follows the operative pleading. Because the district court itself determined that Dkt. 14 constituted a Rule 15 amendment, there is at minimum a substantial appellate question whether the district court should have applied Royal Canin to Dkt. 14 and remanded the surviving state-law controversy rather than continuing to exercise federal jurisdiction.

I therefore respectfully request that the Court permit me to proceed **in forma pauperis** so that these substantial jurisdictional issues may be considered on appeal.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: August 31, 2026

---

**LIZA D. DEAN**
Plaintiff–Appellant, Pro Se