**CASE NO. 26-5215**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

STEPHAN DEAN, et al.,

*Plaintiffs-Appellants,*

v.

KAISER FOUNDATION HEALTH PLAN, INC., et al.,

*Defendants-Appellees*.

Appeal from the United States District Court
Central District of California
Case No. 5:22-cv-00278-MCS-KK (Hon. Mark C. Scarsi)

## RESPONSE TO APPELLANTS' STATEMENT ON WHETHER THE APPEAL IS FRIVOLOUS AND SHOULD GO FORWARD

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

Jack Burns
*jburns@sheppard.com*

Jill Pietrini
*jpietrini@sheppard.com*

Paul Bost
*pbost@sheppard.com*

501 West Broadway, 19th Floor
San Diego, CA 92101
Telephone: 619.338.6500

*Attorneys for Defendants and Appellees KAISER FOUNDATION HEALTH PLAN, INC. and KAISER FOUNDATION HOSPITALS*

## I. INTRODUCTION

The appeal by Stephan and Liza Dean ("the Deans") is just the latest chapter in their never-ending litigation of this long-closed case. In 2022, the District Court dismissed and struck the Deans' complaint against Appellees and Defendants Kaiser Foundation Health Plan, Inc. and Kaiser Foundation Hospitals (together, "Kaiser"). In 2023, the District Court entered judgment against the Deans on Kaiser's counterclaims and enjoined the Deans from using Kaiser's trademarks and patient data. The Deans appealed and this Court dismissed their appeal as "frivolous." The Deans then brought three lawsuits seeking to relitigate the case. As a result, they are now on the California vexatious litigants list and cannot sue in California state court without approval of the presiding judge. The Deans also brought four motions under Federal Rule of Civil Procedure 60(b) asking the District Court to vacate its rulings. The District Court denied all four. This appeal challenges the District Court's denial of the Deans' fourth Rule 60(b) motion.

The Deans' motions to appeal *in forma pauperis* fail because they are procedurally improper. The Federal Rules of Appellate Procedure require that parties seeking to appeal *in forma pauperis* must file their motion "in the district court." The Deans know this requirement. They filed two motions to appeal *in forma pauperis* before their first appeal, and the District Court denied both as "frivolous." In addition, after filing their notice of this second appeal, the District

Court issued an order specifically directing the Deans that any motion to proceed *in forma pauperis* for this second appeal needed to be filed with the District Court. The Deans, however, did not file such a motion in the District Court, likely hoping to avoid the scrutiny their motions would deservedly occasion.

The Deans' motions also fail because their appeal is again frivolous. The Deans contend that the District Court lacked jurisdiction over this case because they voluntarily dismissed three of their causes of action in response to Kaiser's motions to dismiss and to strike. But the Deans' remaining claim sought declaratory relief on their claimed right to use Kaiser's trademarks. It therefore conferred federal subject matter jurisdiction. As the District Court explained, it had "jurisdiction to decide [the Deans'] claim for declaratory relief arising under federal law" because "the declaratory relief [the Deans] seek would require an adjudication of the parties' rights under federal law."

The District Court's exercise of jurisdiction was correct as a matter of law and withstands scrutiny under *any* standard. The Deans' appeal is particularly frivolous because they challenge a District Court's denial of a motion under Rule 60(b)(4). Rule 60(b)(4) does not replace a timely appeal; it relieves a party from a final judgment only in narrow circumstances when there was "*no arguable basis*" for jurisdiction. The Deans cannot come close to satisfying this stringent standard.

For each of these reasons, the Court should again deny the Deans' motions and dismiss their appeal as frivolous. Kaiser and the Court should not have to continue expending resources on the Deans' repeated litigation of already closed issues.

## II. BACKGROUND

This case has a long and increasingly repetitive history, which is the subject of countless orders against the Deans. Kaiser repeats it here only as necessary.

This case arose after the Deans registered a domain name including one of Kaiser's registered trademarks—<kphealthconnectusa.com>—and launched a website thereon that displayed Kaiser's logos and offered to sell Kaiser's patients' private medical records. (ECF 105 at 3.) After Kaiser successfully challenged the domain name for violating federal cybersquatting and trademark law, the Deans launched an identical website on the domain name <patientslist.org> and sued Kaiser in state court for breach of contract, interference with prospective economic advantage, injunctive relief, and declaratory relief. (*Id.*; ECF 31 at 4.) The Deans' declaratory relief claim sought a declaration that they have the right to use Kaiser's trademarks. (ECF 1-1 ¶ 34.)

Kaiser removed and then moved to dismiss and strike the Deans' complaint. (ECF 10, 11.) In response, the Deans voluntarily dismissed their contract, interference, and injunction causes of action. (ECF 14.) The Deans argued that this

maneuver stripped the District Court of jurisdiction, but the District Court rejected their argument. (ECF 31 at 3.) The District Court agreed with Kaiser that the Deans' remaining claim for declaratory relief "depends on substantial questions of federal cybersquatting and trademark law." (*Id.*) Thus, the District Court had "jurisdiction to decide a claim for declaratory relief arising under federal law" and the Deans' dismissal of their other claims "d[id] not divest the Court of subject-matter jurisdiction." (*Id*.) After confirming its jurisdiction, the District Court granted Kaiser's motions to dismiss and strike and ordered the Deans to pay Kaiser $50,804.89 in attorney's fees. (*Id.* at 10; Dkt. 34.)

While the Deans' declaratory relief claim remained pending, Kaiser asserted counterclaims against the Deans for, among other things, violation of federal trademark law based on the Deans' new website. (Dkt. 22 at 13-21.) In May 2023, the District Court granted Kaiser's motion for summary judgment on its claims against the Deans and enjoined them from using Kaiser's trademarks and patients' data. (Dkt. 105 at 14; Dkt. 106.) The Deans filed two motions to appeal *in forma pauperis*, and the District Court denied both as "frivolous." (DE 114; DE 117.) The Deans then appealed and this Court dismissed the appeal as "frivolous." *Dean v. Kaiser Found. Health Plan, Inc*., No. 23-55580, 2024 WL 2828826, at *1 (9th Cir. Apr. 1, 2024).

Undeterred, the Deans then brought three separate cases seeking to relitigate this case: *Dean v. Kaiser Found. Health Plan, Inc.*, No. CVPS2402884 (Cal. Super. May 15, 2024); *Dean v. Kaiser Found. Health Plan, Inc.*, No. 5:24-cv-2742 (C.D. Cal. Dec. 27, 2024); *Dean v. Kaiser Found. Health Plan, Inc.*, No. CVPS2507250 (Cal. Super. Oct. 3, 2025). As a result of their continued litigation of decided issues, the state court entered an order declaring the Deans vexatious litigants and entered a prefiling order prohibiting them from suing *pro se* in California court without first obtaining leave of the presiding judge. *Dean v. Kaiser Found. Health Plan, Inc.*, No. CVPS2507250, 2026 WL 1035669, at *5 (Cal. Super. Mar. 19, 2026). The Deans are now listed on the California vexatious litigant list. *Judicial Council of California Vexatious Litigant List* at 11, https://courts.ca.gov/system/files/file/vexlit.pdf (last accessed Sept. 3, 2026).

The Deans also brought four motions challenging the District Court's rulings and judgment under Rule 60(b). The first motion claimed that the District Court lacked jurisdiction over this case, and the District Court denied it, standing by its earlier jurisdictional analysis. (ECF 127 at 2) ("[T]he Court reasoned that it had original federal-question jurisdiction over Plaintiffs' claim for declaratory relief, which arose under federal cybersquatting and trademark law. . . . The Court stands by that analysis."). The Deans' second motion reargued legal theories that the District Court already considered. The District Court denied the motion, explaining

that the Deans "fail to present any 'exceptional circumstances' for such an 'extraordinary remedy'" and holding that the Deans' theories continued to lack merit. (ECF 129 at 1.) The Deans' third motion again claimed that the District Court lacked jurisdiction over this case, and the District Court again rejected the argument. *Dean v. Kaiser Found. Health Plan, Inc.*, No. 5:25-CV-02938-MCS-DTB, 2025 WL 3725647, at *3 (C.D. Cal. Nov. 18, 2025) ("[T]he Court reasoned that it had original federal-question jurisdiction over Plaintiffs' claim for declaratory relief, which arose under federal cybersquatting and trademark law. . . . The Court stands by this analysis."). The Deans' fourth motion yet again claimed that the District Court lacked jurisdiction over this case, and the District Court rejected the argument for a fourth time. (ECF 135.) Indeed, the District Court concluded that the Deans could not pursue any further relief against Kaiser without violating Rule 11 of the Federal Rules of Civil Procedure. (*Id.* at 3 ("[T]he Court does not perceive that the Deans can pursue any further relief in this postjudgment case and still comport with Federal Rule of Civil Procedure 11(b).")).

After the District Court denied the Deans' fourth motion, the Deans filed a notice of appeal of the District Court's ruling on their fourth Rule 60(b)(4) motion. (ECF 136.) The District Court issued an order informing the Deans that, if they wished to appeal *in forma pauperis*, they needed to file a motion and affidavit for leave to appeal *in forma pauperis* in the District Court. (DE 139 ("If you are

attempting to proceed in forma pauperis, you should complete Form A-18 (Motion and Affidavit for Leave to Appeal in Forma Pauperis) and file it with this Court.”).) Despite this direction, the Deans filed their motions in this Court, not in the District Court.

## III. LEGAL STANDARD

Federal Rule of Appellate Procedure 24(a)(1) provides that “a party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court.” The motion must present to the district court “the issues that the party intends to present on appeal.” Fed. R. App. P. 24(a)(1)(C). “An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.” 28 U.S.C. § 1915(a)(3). An appeal is taken in good faith if it seeks review of any issue that is non-frivolous. *Hooker v. Am. Airlines*, 302 F.3d 1091, 1092 (9th Cir. 2002). An issue is frivolous if it has “no arguable basis in fact or law.” *O’Laughlin v. Doe*, 920 F.2d 614, 617 (9th Cir. 1990) (internal quotation marks omitted). The same frivolousness analysis guides the Court’s power to dismiss cases; this Court may dismiss a case at any time if it determines the case is frivolous. 28 U.S.C. § 1915(e)(2).

## IV. ARGUMENT

The Deans' motions fail for two reasons. First, the motions fail procedurally, because they failed to bring the motions in the District Court. Second, the Deans' motions fail on the merits because the District Court's exercise of jurisdiction was correct as a matter of law. Thus, the Deans' motions and their appeal are frivolous under even the most searching standard of review, much less Rule 60(b)(4)'s "arguable basis" standard.

### A. The Deans Brought Their Motions in the Wrong Court

Federal Rule of Appellate Procedure 24(a)(1) requires that parties "must" file motions to appeal *in forma pauperis* "in the district court." The Deans know this requirement. They filed two such motions in the District Court before their first appeal. (DE 114; DE 117.) This Court referenced the District Court's orders denying the Deans' motions in its order dismissing the Deans' first appeal. *Dean*, No. 23-55580, 2024 WL 2828826, at *1. Moreover, after the Deans filed their notice of this second appeal, the District Court issued an order notifying the Deans of their obligation to bring any *in forma pauperis* motion in the District Court. (DE 139.) The Deans' failure to follow the required process for seeking *in forma pauperis* status is a transparent attempt to avoid in this second appeal the same early dismissal that ended their first appeal. The Court should not reward this gamesmanship. Their motions should therefore be rejected on this basis alone.

## B. The Deans' Jurisdictional Argument is Frivolous

### *1. The Court Correctly Exercised Jurisdiction*

Removal is proper for any action in which the district court would have had original jurisdiction. 28 U.S.C. § 1441(a). Under 28 U.S.C. § 1338(a), a district court has original jurisdiction over an action "arising under any Act of Congress relating to . . . trademarks." When a declaratory judgment action "seeks in essence to assert a defense" to an impending or threatened action, courts also apply the well-pleaded complaint rule to the impending or threatened action. *Atay v. Cty. of Maui*, 842 F.3d 688, 697-98 (9th Cir. 2016). In other words, "the character of the threatened action" is used to determine whether there is federal-question jurisdiction. *Id*. at 698; *accord Medtronic, Inc. v. Mirowski Fam. Ventures, LLC*, 571 U.S. 191, 197 (2014). In applying this analysis, courts "reposition the parties in a declaratory relief action by asking whether [the court] would have jurisdiction had the declaratory relief defendant been a plaintiff seeking a federal remedy." *Standard Ins. v. Saklad*, 127 F.3d 1179, 1181 (9th Cir. 1997); *Franchise Tax Bd. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 11 (1983) ("Federal courts have regularly taken original jurisdiction over declaratory judgment suits in which, if the declaratory judgment defendant brought a coercive action to enforce its rights, that suit would necessarily present a federal question.").

In *Medtronic*, for example, the Supreme Court confirmed federal jurisdiction in a declaratory judgment case involving patents. 571 U.S. at 197. Under 28 U.S.C. § 1338, patents—like trademarks—are subject to federal jurisdiction. Like the Deans here, Medtronic sought to establish through its declaratory judgment suit that its intended use did not constitute infringement. *Medtronic*, 571 U.S. at 197. As the Supreme Court explained, if Medtronic were to act on its belief that it was not engaged in infringement, the defendant could bring a federal action for patent infringement. *Id.* Consequently, the Supreme Court explained, there was federal jurisdiction because Medtronic's "declaratory judgment action, which avoids that threatened action, also 'arises under' federal patent law." *Id.* at 198.

Under Ninth Circuit law, the same standard applies to removed actions. In *Atay v. County of Maui*, as here, the plaintiffs filed a declaratory relief action in state court to resolve questions surrounding an action's legality under federal law. 842 F.3d at 695-96. The defendants removed to federal court, which denied the plaintiffs' motion to remand. *Id*. at 695. While there were "no federal claims present on the face of" the plaintiffs' complaint in *Atay*, the district court explained that this did not matter because "*the inquiry is focused on the nature of a well-pleaded complaint that the declaratory judgment defendant could bring*." *Atay v. Cnty. of Maui*, No. 14-cv-582, 2015 WL 998792, at *4 (D. Haw. Mar. 5, 2015) (emphasis added). The plaintiffs then appealed the district court's denial of the

motion to remand to the Ninth Circuit, which affirmed and confirmed that the case was properly removed. *Atay*, 842 F.3d at 697-98 ("In these circumstances, it is the character of the [threatened federal action] action, in which questions of federal preemption are front and center, that determines whether there is federal question jurisdiction. Therefore, the district court did not err in denying [the plaintiffs'] motion to remand.").

The District Court properly exercised jurisdiction here under *Medtronic* and *Atay*. Just as in those cases, the declaratory relief sought by the Deans was essentially a defense to a federal action by Kaiser. Kaiser's pre-suit cease and desist letter and the Deans' response confirm that the Deans brought their declaratory relief action to avoid Kaiser's federal claims. (ECF 22 at 10; Exhs. D & E.) At bottom, the Deans sought a declaration that would relieve them from an action by Kaiser to assert rights under federal trademark law. Thus, *Medtronic* and *Atay* are controlling and confirm that the District Court properly exercised jurisdiction.

### *2. The Deans' Jurisdictional Arguments Lack Merit*

The Deans' motions ignore the District Court's stated basis for exercising jurisdiction based on their declaratory relief cause of action. Instead, they incorrectly claim that their state law contract, interference, and injunction causes of action supplied the basis for federal jurisdiction. (*See, e.g.*, Stephan Dean's Motion

at 1.) As a result, the Deans argue, the District Court lost jurisdiction when the Deans dismissed those three causes of action. (*Id.*) The premise of the Deans' argument is false. As the District Court repeatedly made clear, the declaratory relief cause of action—which the Deans did not dismiss—supplied jurisdiction. (ECF 1 ¶¶ 7-11 (setting forth basis for removal, including based on declaratory relief sought by the Deans); ECF 31 at 3 (making clear that the District Court exercised jurisdiction based on remaining declaratory relief cause of action).) The Deans' dismissal of three other causes of action is therefore irrelevant.

The Deans' reliance on *Royal Canin USA, Inc. v. Wullschleger*, 604 U.S. 22 (2025), is similarly unavailing. *Royal Canin* held that a post-removal amendment of a complaint that removed all federal questions deprived district court of federal subject matter jurisdiction. *Id.* at 33. But *Royal Canin* is inapposite here because, again, the Deans did not dismiss their declaratory relief cause of action, which is the cause of action that the District Court relied on in exercising jurisdiction. (ECF 31 at 3.)

Finally, the Deans' argument over whether Kaiser's counterclaims supplied jurisdiction does not support their appeal because it is also irrelevant. The District Court needed only one basis for jurisdiction, and the Deans' declaratory relief cause of action supplied it. In fact, that is why the District Court declined to

address Kaiser's argument that its counterclaims supplied an additional basis for jurisdiction. (ECF 135 at 3 n.2.)

The reason the Deans spend their motions attacking jurisdictional bases that the District Court did not rely on is that they have no response to *Medtronic*, *Atay*, or the District Court's explanation for its basis for finding subject matter jurisdiction. But the Deans cannot avoid the District Court's basis for jurisdiction by ignoring it.

### ***3. The Deans Ignore Rule 60(b)(4)'s Stringent Burden***

The Deans' motions fail under any standard because the District Court clearly had jurisdiction. But the stringent standard for granting relief under Rule 60(b)(4)—the provision under which the Deans brought the motion that serves as the basis for their appeal—reveals by how far the Deans miss the mark.

Rule 60(b)(4) allows a court to relieve a party from a final judgment if "the judgment is void." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 270 (2010). A motion under Rule 60(b)(4) does not replace a timely appeal and a judgment is not void "simply because it is or may have been erroneous." *Id.* Instead, Rule 60(b)(4) relief is reserved "for the exceptional case in which the court that rendered judgment lacked even an '*arguable basis*' for jurisdiction." *Id.* at 271 (quoting *Nemaizer v. Baker*, 793 F.2d 58, 65 (2d Cir. 1986)) (emphasis added). "'[T]otal want of jurisdiction must be distinguished from an error in the

exercise of jurisdiction, and . . . *only rare instances of a clear usurpation of power will render a judgment void*.'" *Espinosa*, 559 U.S. at 271 (quoting *United States v. Boch Oldsmobile, Inc*., 909 F.2d 657, 661 (1st Cir. 1990)) (emphasis added); *see also* Wright & Miller, 11 Fed. Prac. & Proc. Civ. § 2862 (April 2026 Update) ("A judgment is not void and is therefore not within [Rule 60(b)(4)'s] ambit simply because it is erroneous, or is based upon precedent which is later deemed incorrect or unconstitutional.").

*Nemaizer*—which the Supreme Court's *Espinosa* decision quoted for the "arguable basis" standard—illustrates Rule 60(b)(4)'s standard. There, the district court errantly exercised jurisdiction over an action removed to federal court on ERISA preemption grounds. *Nemaizer*, 793 F.2d at 64. But that did not render the court's judgment in the case void or warrant Rule 60(b)(4) relief. As the court emphasized, cases allowing an attack of a judgment under Rule 60(b)(4) "always involve[d] a clear usurpation of power by a district court, and *not an error of law in determining whether it has jurisdiction*." *Id*. at 65 (emphasis added). The court therefore held that Rule 60(b)(4) relief is appropriate only when "there is a total want of jurisdiction and no arguable basis on which it could have rested a finding that it had jurisdiction." *Id.* Because caselaw supported the application of ERISA preemption in some cases, the court held that the district court could have

reasonably (albeit erroneously) found a basis for jurisdiction. *Id.* The exercise of jurisdiction was thus immune from challenge under Rule 60(b)(4). *Id.*

*Nemaizer* and *Espinosa* demonstrate how frivolous the Deans' serial motions for reconsideration are. The Deans do not even try to argue that the District Court lacked an "arguable basis" for its exercise of jurisdiction over this case such that it could be accused of engaging in "a clear usurpation of power." *Id.*; *Espinosa*, 559 U.S. at 271. At most, the Deans argue an error of law, akin to the exercise of jurisdiction based on ERISA preemption in *Nemaizer*. But an error of law is not enough to satisfy Rule 60(b)(4). Moreover, the District Court quoted the "arguable basis" standard and cited *Espinosa* in its order denying the Deans' first and third motions for reconsideration. (ECF 127 at 2; *Dean*, 2025 WL 3725647, at *3; *see also* ECF 135 at 2.) The Deans still, however, do not address the standard because they cannot satisfy it. The Deans' motions—and their appeal—are frivolous for this reason as well. Thus, dismissal of the Deans' appeal is again proper under 28 U.S.C. § 1915(e)(2).

## V. CONCLUSION

The Deans' appeal is frivolous. The District Court correctly exercised jurisdiction over this case and the Deans do not even address—let alone overcome—the deferential "arguable basis" standard that governs motions under Rule 60(b)(4), like the one that serves as the subject of the Deans' appeal. The

Court should deny the Deans' motions and dismiss this case under 28 U.S.C. § 1915(e)(2), just like it did the Deans' first appeal.

Dated: September 3, 2026 SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By *s/ Jack Burns*
Jack Burns
Jill Pietrini
Paul Bost
Attorneys for Kaiser Foundation Health Plan, Inc. and Kaiser Foundation Hospitals

**CERTIFICATE OF COMPLIANCE**

Pursuant to Federal Rule of Appellate Procedure 32(g)(1), I certify that the attached response complies with the typeface and type style requirements of Federal Rules of Appellate Procedure 32(a)(5) and (6). I also certify that, according to the word processing program with which the document was prepared, the document contains 3,541 words, excluding the items exempted by Federal Rule of Appellate Procedure 32(f), and that it therefore complies with the word limit of Federal Rule of Appellate Procedure 27(d)(2)(A).

Dated: September 3, 2026 SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By *s/ Jack Burns*

Jack Burns
Jill Pietrini
Paul Bost
Attorneys for Kaiser Foundation Health Plan, Inc. and Kaiser Foundation Hospitals

**UNITED STATES COURT OF APPEALS**
**FOR THE NINTH CIRCUIT**

## Form 15. Certificate of Service for Electronic Filing

*Instructions for this form: http://www.ca9.uscourts.gov/forms/form15instructions.pdf*

**9th Cir. Case Number(s)** 26-5215

I hereby certify that I electronically filed the foregoing/attached document(s) on this date with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit using the Appellate Electronic Filing system.

**Service on Case Participants Who Are Registered for Electronic Filing:**

☒ I certify that I served the foregoing/attached document(s) via email to all registered case participants on this date because it is a sealed filing or is submitted as an original petition or other original proceeding and therefore cannot be served via the Appellate Electronic Filing system.

**Service on Case Participants Who Are NOT Registered for Electronic Filing:**

☒ I certify that I served the foregoing/attached document(s) on this date by hand delivery, mail, third party commercial carrier for delivery within 3 calendar days, or, having obtained prior consent, by email to the following unregistered case participants *(list each name and mailing/email address)*:

Stephan Dean
Liza Dean
843133 Huntington Avenue
Coachella, CA 92236

**Description of Document(s)** *(required for all documents)*:

Response to Appellants' Statement on Whether the Appeal is Frivolous and Should Go Forward

**Signature** /s/ Toy Poore **Date** September 3, 2026

*(use "s/[typed name]" to sign electronically-filed documents)*

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*