**UNITED STATES COURT OF APPEALS**
**FOR THE NINTH CIRCUIT**

**STEPHAN C. DEAN and LIZA D. DEAN,**
**DBA SUREFILE FILING SYSTEMS,**
**Plaintiffs-Appellants,**
**v.**
**KAISER FOUNDATION HEALTH PLAN, INC.;**
**KAISER FOUNDATION HOSPITALS; and DOES 1-50, Inclusive,**
**Defendants-Appellees.**

**No. 26-5215**

# APPELLANTS' REPLY TO APPELLEES' RESPONSE REGARDING WHETHER THE APPEAL PRESENTS A NON-FRIVOLOUS ISSUE

## I. INTRODUCTION

Kaiser's response does not establish that this appeal is frivolous. The central issue is straightforward. Dkt. 14 became the operative post-removal amended pleading under Rule 15(a)(1)(B). Dkt. 31 stated that only declaratory relief remained, held that declaratory relief was not a cognizable standalone claim, and found that Plaintiffs had identified no underlying claim supporting that remedy. *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22 (2025), subsequently held that jurisdiction following a post-removal amendment depends on the operative amended pleading. Dkt. 135 nevertheless rejected Plaintiffs' jurisdictional challenge by standing on the District Court's earlier colorability analysis. That interaction presents a substantial, non-frivolous appellate question.

Dkt. 135 expressly did not reach Kaiser's separate Dkt. 22 counterclaim-jurisdiction theory. The issue is whether the earlier colorability analysis remained sufficient after Dkt. 14 became operative under *Royal Canin*.

## II. DKT. 14 WAS THE OPERATIVE RULE 15 POST-REMOVAL AMENDMENT

Kaiser characterizes Plaintiffs as merely having dismissed three causes of action while retaining the declaratory-relief cause of action. Dkt. 31 establishes the more important procedural fact: the District Court construed Dkt. 14 as an amendment of the complaint under Rule 15(a)(1)(B). The Court stated:

> *"Plaintiffs had not previously exercised their opportunity to amend their pleading once as a matter of course, so the Court construes Plaintiffs' filing as having effected a voluntary amendment of the Complaint to withdraw the 'dismissed' claims from their pleading. See Fed. R. Civ. P. 15(a)(1)(B)."*

Dkt. 31 at 2-3. The Court further stated, *"Only the claim for declaratory relief remains."*

Thus, Dkt. 14 was the post-removal amended pleading to which the later jurisdictional inquiry must be directed.

## III. DKT. 31 ESTABLISHES WHAT REMAINED AFTER DKT. 14

Section C of Dkt. 31 is titled *"Declaratory Relief Is Not a Cognizable Claim."*

The Court stated that Defendants submitted that the remaining declaratory-relief request had to be dismissed because declaratory relief is a remedy, not an independent claim. The Court responded, *"The Court agrees."*

It then relied upon *Lopez v. Wells Fargo Bank, N.A.*, 727 F. App'x 425, 426 (9th Cir. 2018), quoting:

> *"[T]he district court properly dismissed Lopez's request for declaratory relief because Lopez had no claim upon which to request relief or remedies."*

Dkt. 31 then made its own finding:

> *"Plaintiffs do not identify, let alone sufficiently plead, any underlying claim for which a declaratory remedy may be granted."*

Dkt. 31 at 3. Thus, after Dkt. 14, only declaratory relief under California Code of Civil Procedure § 1060 remained; Dkt. 31 held it was not a cognizable standalone claim and identified no underlying claim supporting that remedy.

## IV. ROYAL CANIN MAKES THE OPERATIVE PLEADING THE JURISDICTIONAL INQUIRY

The intervening Supreme Court decision addresses what happens to jurisdiction when a complaint is amended after removal. Justice Kagan, writing for a unanimous Court, stated:

> *"When a plaintiff amends her complaint following her suit's removal, a federal court's jurisdiction depends on what the new complaint says."*

*Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22 (2025). The Court further explained:

> *"In removed and original cases alike, the rule that jurisdiction follows the operative pleading ensures that the case, as it will actually be litigated, merits a federal forum."*

Justice Kagan also explained that the post-removal amendment can *"wipe the jurisdictional slate clean."*

That rule makes Dkt. 31's treatment of Dkt. 14 critical. The District Court itself determined that Dkt. 14 effected a Rule 15(a)(1)(B) amendment and that only declaratory relief remained; it then held that Plaintiffs had not pleaded an underlying claim supporting that declaratory remedy. The substantial appellate question is whether the operative Dkt. 14 pleading supplied original federal jurisdiction after the amendment.

## V. KAISER'S DECLARATORY-RELIEF JURISDICTION ARGUMENT DOES NOT ANSWER ROYAL CANIN

Kaiser argues that the District Court had jurisdiction because Plaintiffs' declaratory-relief request “colorably raised issues of federal law” and because the requested declaration would require adjudication of rights under federal law. That directly identifies the jurisdictional basis Appellants challenge; it does not answer the effect of Dkt. 14 under *Royal Canin*.

The question is whether the earlier federal character attributed to the controversy could remain the jurisdictional anchor after Dkt. 14 became operative. *Royal Canin* makes that an operative-pleading inquiry.

## VI. KAISER'S “ROYAL CANIN IS INAPPOSITE” ARGUMENT CONFUSES DECLARATORY RELIEF WITH FEDERAL JURISDICTION

Kaiser argues that *Royal Canin* is “inapposite” because “the Deans did not dismiss their declaratory relief cause of action,” which Kaiser says was the cause of action upon which the District Court relied in exercising jurisdiction. Kaiser further argues that its counterclaims are “irrelevant” because the District Court “needed only one basis for jurisdiction,” and, according to Kaiser, the declaratory-relief cause of action supplied it.

That reasoning assumes the proposition on appeal. Under *Royal Canin*, the question is whether operative Dkt. 14 continued to supply original federal jurisdiction—not merely whether the words “declaratory relief” remained. Kaiser conflates survival of the requested remedy with survival of an underlying claim supplying original jurisdiction.

## VII. KAISER IS INCORRECT THAT APPELLANTS "HAVE NO RESPONSE" TO THE DISTRICT COURT'S JURISDICTIONAL BASIS

Kaiser asserts that Appellants "have no response to Medtronic, Atay, or the District Court's explanation for its basis for finding subject matter jurisdiction," and that Appellants instead attack jurisdictional bases upon which the District Court did not rely. That characterization is incorrect.

Appellants directly challenge the precise jurisdictional basis upon which Dkt. 135 relied. Dkt. 135 returned to the District Court's earlier determination that Plaintiffs' declaratory-relief request "colorably raised issues of federal law" and stated that the Court "stands by that analysis." The question presented on appeal is whether that colorability rationale remained legally sufficient after Dkt. 14 became the operative Rule 15(a)(1)(B) pleading and after *Royal Canin*.

Nor do Appellants ignore *Medtronic*, *Atay*, or *Arbaugh*. *Medtronic* addresses the federal character of an underlying declaratory controversy; it does not determine which pleading controls after a post-removal amendment. *Atay* arose from a materially different amendment/removal posture. *Arbaugh* distinguishes jurisdiction from merits requirements; it does not hold that a federal theory contained in a superseded pleading remains an operative jurisdictional anchor after a post-removal amendment. Those authorities do not answer the intervening operative-pleading question presented by *Royal Canin*.

## VIII. DKT. 135 RELIED ON THE EARLIER COLORABILITY ANALYSIS RATHER THAN APPLYING ROYAL CANIN TO DKT. 14

Dkt. 135 adjudicated Plaintiffs' subject-matter-jurisdiction challenge by returning to the District Court's earlier conclusion that the declaratory-relief request colorably raised federal issues and by stating that the Court stood by that analysis. The appellate issue is not whether Dkt. 135 addressed jurisdiction at all; it did. The issue is whether the basis it used remained sufficient under the intervening operative-pleading rule.

Dkt. 135 did not analyze Dkt. 14's jurisdictional consequence as the operative Rule 15(a)(1)(B) complaint under *Royal Canin* or reconcile that rule with Dkt. 31's findings. That presents an arguable jurisdictional question.

## IX. KAISER MISCHARACTERIZES DKT. 135 FOOTNOTE 2

Kaiser characterizes Footnote 2 as confirming why the District Court did not need Kaiser's counterclaims. The footnote itself is narrower. It states exactly:

> *"Accordingly, the Court does not reach the Kaiser entities' argument that their counterclaim also conferred federal jurisdiction. (Opp'n 6-7 (citing, inter alia, Cripps v. Life Ins. of N. Am., 980 F.2d 1261 (9th Cir. 1992)); see Syken v. Berman, No. 2:25-cv-11622-MCS-MBK, 2026 U.S. Dist. LEXIS 23996, at *5-6 (C.D. Cal. Jan. 30, 2026) (Scarsi, J.) (questioning whether the principle stated in Cripps "survived decades of intervening authorities and Royal Canin [U.S.A., Inc. v. Wullschleger, 604 U.S. 22 (2025)]")."*

The Court expressly "does not reach" Kaiser's separate counterclaim-jurisdiction argument; Footnote 2 therefore is not a ruling accepting Dkt. 22 as an independent jurisdictional basis.

Footnote 2 also places *Cripps* with Kaiser's separate Dkt. 22 theory and cites *Syken*, where Judge Scarsi questioned whether the principle stated in *Cripps*

"survived decades of intervening authorities and Royal Canin." *Cripps* therefore does not answer the operative-pleading/colorability question on which Dkt. 135 actually relied.

## X. KAISER CANNOT USE DKT. 22 TO INVERT ROYAL CANIN'S SEQUENCE

Dkt. 22 was filed after Dkt. 14. Appellants' point is chronological and jurisdictional: a later counterclaim theory cannot simply be used to bypass or retroactively erase the jurisdictional consequence that followed when Dkt. 14 became the operative amended pleading. Using Dkt. 22 in that manner would invert *Royal Canin*'s sequence by asking a later pleading to preserve jurisdiction that must first be assessed from the plaintiff's operative post-removal amended complaint.

At the fee-waiver stage, the Court need not resolve every Dkt. 22 question. Because Dkt. 135 expressly did not reach that theory, its existence does not make the challenge to the basis actually used frivolous.

## XI. PRIOR RULE 60 MOTIONS AND THE PRIOR APPEAL DO NOT RESOLVE THE ROYAL CANIN ISSUE

Prior Rule 60 motions do not establish that Dkt. 14's jurisdictional consequence was adjudicated under *Royal Canin*'s intervening operative-pleading rule.

The prior appeal presented a different issue: whether the District Court failed to consider the Declaration of Stephan C. Dean in connection with its Dkt. 31 ruling. It did not present or adjudicate the jurisdictional consequence of Dkt. 14 as the operative post-removal amended pleading. *Royal Canin* had not yet been decided. The present appeal therefore raises a distinct jurisdictional question

under intervening Supreme Court authority that could not have been resolved in the prior appeal.

Kaiser's reliance on *United Student Aid Funds, Inc. v. Espinosa* and *Nemaizer v. Baker* does not eliminate the appellate issue. Appellants do not invoke Rule 60(b)(4) as a substitute for the underlying jurisdictional analysis. The antecedent question is whether, after Dkt. 14 became the operative Rule 15(a)(1)(B) amended pleading, any legally sufficient basis for federal jurisdiction remained under *Royal Canin*. Dkt. 31 itself held that only declaratory relief remained, that declaratory relief was not a cognizable standalone claim, and that Plaintiffs had identified no underlying claim supporting that remedy. The appeal therefore asks whether the superseded pre-amendment federal theory could nevertheless remain an “arguable basis” for jurisdiction after *Royal Canin* requires jurisdiction to follow the operative pleading. *Espinosa* and *Nemaizer* do not decide that intervening operative-pleading question.

Rule 60(b)(4)'s demanding arguable-basis standard concerns ultimate entitlement to relief after the jurisdictional question is resolved. It does not establish that an appeal presenting a concrete question under intervening Supreme Court authority is frivolous.

## XII. APPELLANTS FOLLOWED THE NINTH CIRCUIT'S FEE-WAIVER INSTRUCTIONS

Kaiser also argues that Appellants' request to proceed in forma pauperis was procedurally improper because relief should have been sought in the District Court. Appellants' August 13, 2026 Ninth Circuit Docketing Notice instructed them that the $605 docketing fee was due and that they had 21 days either to pay the fee or request a waiver. The Notice stated:

> *"To ask this court to waive your filing fee, you need to complete a form called 'Motion and Affidavit to Proceed in Forma Pauperis,' which is available on the court's website."*

Appellants followed those instructions. That procedure cannot reasonably support a conclusion that the appeal itself is frivolous.

## XIII. THE NOTICE OF APPEAL FOLLOWED THE ORDINARY APPELLATE PROCESS

Kaiser's suggestion that Plaintiffs are attempting to avoid or circumvent the District Court also does not render this appeal frivolous. Plaintiffs filed their Notice of Appeal in the District Court in the ordinary course, placing both the District Court and Kaiser on formal notice that Plaintiffs sought appellate review. Plaintiffs proceeded through the prescribed appellate process after Dkt. 135 denied the Rule 60(b)(4) motion before their authorized reply was due and before the scheduled hearing. That procedural history is consistent with seeking appellate review of the jurisdictional ruling, not avoiding it.

## XIV. THE APPEAL PRESENTS A NON-FRIVOLOUS JURISDICTIONAL QUESTION

The concrete question is what claim supplied original federal jurisdiction after Dkt. 14 became the operative post-removal amended pleading under *Royal Canin*. Whether Dkt. 135's earlier colorability analysis remained sufficient is an arguable appellate issue.

If Kaiser instead relies on Dkt. 22, Dkt. 135 expressly stated that the Court "does not reach" the argument that Kaiser's counterclaim also conferred federal jurisdiction. Whatever the ultimate merits determination, the interaction among Dkt. 14, Dkt. 31, Dkt. 135, and intervening Supreme Court authority presents an arguable legal basis and is not frivolous.

## XV. CONCLUSION

Appellants respectfully request that the Court reject Appellees' contention that this appeal is frivolous and permit the appeal to proceed in forma pauperis. The appeal presents a substantial and arguable jurisdictional question under intervening Supreme Court authority concerning Dkt. 14 as the operative post-removal amended pleading.

Respectfully submitted,

_Stephan C Dean______________

**STEPHAN C. DEAN**
Plaintiff-Appellant, Pro Se

___Liza D Dean_______________

**LIZA D. DEAN**
Plaintiff-Appellant, Pro Se

# CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rule of Appellate Procedure 32(g)(1), Appellants certify that this reply complies with the applicable type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(C). This reply contains 2,100 words, excluding the items exempted by Federal Rule of Appellate Procedure 32(f).

The reply uses a proportionally spaced serif typeface in 14-point type and otherwise complies with the applicable formatting requirements of Federal Rule of Appellate Procedure 27(d)(1).

Dated: September 4, 2026

__Stephan C Dean______________

**STEPHAN C. DEAN**
Plaintiff-Appellant, Pro Se

__Liza D Dean_________________

**LIZA D. DEAN**
Plaintiff-Appellant, Pro Se