**UNITED STATES COURT OF APPEALS**
**FOR THE NINTH CIRCUIT**

STEPHAN C. DEAN and LIZA D. DEAN,
dba SUREFILE FILING SYSTEMS,
Plaintiffs-Appellants,

v.

KAISER FOUNDATION HEALTH PLAN, INC.;
KAISER FOUNDATION HOSPITALS,
Defendants-Appellees.

**No. 26-5215**
D.C. No. 5:22-cv-00278-MCS-KK

# APPELLANTS' STATEMENT EXPLAINING WHY THE APPEAL IS NOT FRIVOLOUS

## I. THE COURT NEED ONLY DETERMINE THAT THE APPEAL PRESENTS AT LEAST ONE NONFRIVOLOUS ISSUE

Pursuant to this Court's September 9, 2026 Order, Dkt. 10.1, Appellants respectfully submit that this appeal is not frivolous and should proceed. The present inquiry is not whether Appellants have already established that they must prevail on the merits. In *Hooker v. American Airlines*, 302 F.3d 1091, 1092 (9th Cir. 2002), this Court held that if "at least one issue or claim is found to be non-frivolous," in forma pauperis status must be granted for the appeal as a whole. This appeal presents multiple substantial jurisdictional issues arising from intervening Supreme Court authority.

## II. ROYAL CANIN REQUIRES JURISDICTION TO FOLLOW THE OPERATIVE POST-REMOVAL PLEADING

The dispositive threshold issue is straightforward. After removal, the District Court expressly construed Dkt. 14 as Appellants' voluntary amendment of their complaint under Federal Rule of Civil Procedure 15(a)(1)(B). Under the Supreme Court's subsequent unanimous decision in *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22 (2025), federal jurisdiction after that amendment depended on the operative amended pleading. *Royal Canin* states that when a plaintiff amends a complaint following removal, jurisdiction "depends on what the new complaint says," that "jurisdiction follows the operative pleading," and that a post-removal amendment can "wipe the jurisdictional slate clean." Id. at 35, 38.

That rule directly intersects with Dkt. 31. The District Court held that Dkt. 14 "effected a voluntary amendment of the Complaint" under Rule 15(a)(1)(B) and stated that "[o]nly the claim for declaratory relief remains." Dkt. 31 at 2–3. Dkt. 14 therefore became the operative post-removal pleading before Kaiser filed Dkt. 22.

Dkt. 31 also expressly agreed with Kaiser that the remaining declaratory relief was "a remedy, not an independent claim." Applying *Lopez v. Wells Fargo Bank, N.A.*, 727 F. App'x 425, 426 (9th Cir. 2018), the court found that Appellants had not identified or sufficiently pleaded "any underlying claim for which a declaratory remedy may be granted." Dkt. 31 at 9. *Lopez* states the jurisdictional prerequisite directly: "To obtain declaratory relief in federal court, there must be an independent basis for jurisdiction." 727 F. App'x at 426.

The concrete appellate question is therefore: what independent basis of original federal jurisdiction existed in operative Dkt. 14 after it superseded the removed complaint? The District Court's pre-*Royal Canin* conclusion that the controversy was federally "colorable" does not itself answer that post-amendment question.

**III. CURRENT NINTH CIRCUIT AUTHORITY CONFIRMS THAT THE ROYAL CANIN QUESTION IS SUBSTANTIAL**

In *Walker v. State of Arizona*, 158 F.4th 976, 984, 987–88 (9th Cir. 2025), this Court applied *Royal Canin* and held that the district court "lost supplemental jurisdiction upon the filing" of the jurisdiction-altering instrument and was "required to remand," while the superseded pleading "no longer performs any function in the case."

Likewise, *Faulk v. JELD-WEN, Inc.*, 159 F.4th 618, 625 (9th Cir. 2025), states that "if the federal jurisdictional hook is excised from the complaint by post-removal amendment, subject matter jurisdiction is lacking, and the case should be remanded." *Rosenwald v. Kimberly-Clark Corp.*, 152 F.4th 1167, 1180 (9th Cir. 2025), reiterates that "jurisdiction follows from (and only from) the operative pleading." These decisions make Appellants' jurisdictional contention at least reasonably arguable.

## IV. KAISER CANNOT TREAT THE DECLARATION AS MERELY A REMEDY TO OBTAIN DISMISSAL AND THEN TREAT THAT SAME REMEDY AS THE FEDERAL JURISDICTIONAL ANCHOR

Kaiser's present jurisdictional position is difficult to reconcile with the position it successfully advanced in Dkt. 31. Kaiser argued that the declaratory relief remaining after Dkt. 14 had to be dismissed because "declaratory relief is a remedy, not an independent claim." The District Court stated, "The Court agrees," and found that "Plaintiffs do not identify, let alone sufficiently plead, any underlying claim for which a declaratory remedy may be granted."

Kaiser now relies on that same surviving declaratory-relief request as the basis that supposedly preserved original federal jurisdiction after Dkt. 14. Kaiser cannot have it both ways without answering the resulting jurisdictional question. If the declaration was merely a remedy unsupported by an underlying substantive claim—as Kaiser argued and Dkt. 31 held—what independent claim or jurisdictional basis in operative Dkt. 14 supplied original federal jurisdiction over that remedy?

That is not a semantic objection. It is the precise inquiry required by *Royal Canin* and *Lopez*. The survival of a requested remedy is not itself the same thing as the survival of an independent basis of original federal jurisdiction.

## V. MEDTRONIC, ATAY, STANDARD INSURANCE, AND FRANCHISE TAX BOARD DO NOT MAKE THE APPEAL FRIVOLOUS

Kaiser relies on Medtronic, Inc. v. Mirowski Family Ventures, LLC, 571 U.S. 191 (2014), Atay v. County of Maui, 842 F.3d 688 (9th Cir. 2016), Standard Insurance Co. v. Saklad, 127 F.3d 1179 (9th Cir. 1997), and Franchise Tax Board v. Construction Laborers Vacation Trust, 463 U.S. 1 (1983). Appellants do not contend those declaratory-judgment authorities are irrelevant. They address the corresponding-coercive-action inquiry; Royal Canin supplies the antecedent rule identifying the operative post-removal pleading. Kaiser's own cited formulation asks whether the declaratory defendant's corresponding coercive action would "necessarily present a federal question." Medtronic, 571 U.S. at 197; see Franchise Tax Board, 463 U.S. at 19.

That "necessarily" limitation creates a genuine jurisdictional question here. Kaiser's October 1, 2021 cease-and-desist letter invoked federal trademark law and California law, while Appellants maintained that the California-governed Settlement Agreement controlled the parties' rights concerning the marks and threatened enforcement. Kaiser later confirmed a state-law coercive route in Dkt. 22 by pleading not only Lanham Act claims but also a separate breach-of-contract cause of action arising from the same Settlement Agreement and dispute.

Thus, the issue is not whether Kaiser could elect a federal Lanham Act theory; it plainly could and later did. The issue is whether the controversy actually remaining in operative Dkt. 14 necessarily required a federal coercive action. Atay

did not decide the intervening post-removal Rule 15 amendment issue presented here. Royal Canin first identifies Dkt. 14 as operative; Medtronic, Atay, Standard Insurance, and Franchise Tax Board then test whether the corresponding coercive action arising from that remaining controversy was necessarily federal.

## VI. THE DISTRICT COURT'S LATER TREATMENT OF THE SAME CONTRACT-TRADEMARK DISPUTE FURTHER CONFIRMS THAT THE ISSUE IS DEBATABLE

The District Court later recognized this same distinction, explaining that trademark references do not necessarily "transmogrify" a contract claim into a federal Lanham Act claim. In November 2025, it remanded substantially similar settlement-based contract and declaratory claims for lack of federal jurisdiction. Those rulings do not decide this appeal, but reinforce that the issue is reasonably debatable.

## VII. THE FOUR-PROCEEDING HISTORY AND KAISER'S VEXATIOUS-LITIGANT REFERENCE REINFORCE WHY APPELLATE REVIEW IS WARRANTED

Kaiser characterizes Appellants' jurisdictional challenge as repetitive and relies on a later California vexatious-litigant determination. See *Dean v. Kaiser Foundation Health Plan, Inc.*, No. CVPS2507250, 2026 WL 1035669, at *5 (Cal. Super. Mar. 19, 2026). That determination does not resolve the federal jurisdictional question presented here. The intervening federal proceedings instead

show why the forum problem persisted and why this appeal presents a distinct question under intervening controlling law.

Four federal proceedings have arisen from this settlement/trademark controversy. This action, No. 5:22-cv-00278-MCS-KK, is the only one in which federal jurisdiction was retained and consequential federal orders were entered that now require appellate review. In No. 5:24-cv-01277-MCS-JPR, Judge Scarsi questioned federal jurisdiction, explaining that references to Kaiser's trademarks did not necessarily transform the settlement-based contract claim into a federal Lanham Act claim; Kaiser thereafter conceded remand. In No. 5:24-cv-02742-KK-SP, Appellants themselves invoked a federal forum and an asserted Lanham Act connection, yet Judge Kato dismissed for lack of subject-matter jurisdiction, concluding that the complaint was rooted in a contract dispute. In No. 5:25-cv-02938-MCS-DTB, Judge Scarsi again remanded the settlement-based controversy in November 2025 and expressly cited Judge Kato's jurisdictional dismissal. Thus, regardless of which party sought the federal forum, the three later federal proceedings produced two remands and one dismissal for lack of subject-matter jurisdiction.

Kaiser's reliance on the later California vexatious-litigant determination omits a significant part of the federal record. Kaiser sought federal vexatious-litigant restrictions on three separate occasions. In the 2024 removed action, Kaiser

formally moved for a vexatious-litigant declaration and prefiling conditions; the action was instead remanded for lack of subject-matter jurisdiction. In the November 2025 removed action, Kaiser again filed a motion expressly seeking a vexatious-litigant declaration and federal prefiling restrictions. Judge Scarsi remanded that action for lack of federal jurisdiction and denied the other pending motions without prejudice rather than granting Kaiser's requested restriction. Kaiser sought such relief a third time in Dean I in 2026, but Dkt. 135 declined to entertain that "extreme remedy" on the showing presented. Thus, despite three federal requests, no federal court entered a vexatious-litigant prefiling order against Appellants.

Appellants do not ask this Court to review the later California vexatious-litigant determination. The relevance is narrower: Kaiser now invokes that state ruling to portray this federal appeal as repetitive or frivolous while omitting that its own repeated requests for comparable federal restrictions produced no such federal order—including requests made in proceedings that were remanded because federal subject-matter jurisdiction was lacking. That history reinforces why the present appeal raises a genuine jurisdictional question rather than merely repeating an adjudicated theory.

Throughout those jurisdictional shifts, however, the federal injunction entered in this 2022 action continued to bind Appellants. Merely returning to state

court for another declaration concerning the Settlement Agreement could not by itself determine whether that existing federal injunction and the resulting federal orders remained valid. Nor would another remand answer the antecedent question whether the District Court possessed jurisdiction to continue this action after Dkt. 14 became operative. Parallel or successive state proceedings while the federal injunction remained operative risked duplicative litigation and potentially inconsistent obligations.

This history does not itself decide *Royal Canin*'s effect on Dkt. 14, and Appellants do not ask this Court to review the state court's vexatious-litigant determination. It instead answers Kaiser's contention that the present appeal merely repeats already adjudicated theories. Appellants present the distinct question whether the Supreme Court's intervening decision in Royal Canin, as subsequently applied by this Court in Walker, Faulk, and Rosenwald, changed the jurisdictional consequence of Dkt. 14. Dkt. 135 did not decide that question and expressly declined to reach Kaiser's alternative counterclaim-jurisdiction theory. An issue created by intervening controlling Supreme Court authority, reinforced by subsequent Ninth Circuit authority, and left unresolved by Dkt. 135 cannot fairly be characterized as frivolous merely because subject-matter jurisdiction was disputed earlier in the litigation.

## VIII. DKT. 135 EXPRESSLY LEFT THE ALTERNATIVE COUNTERCLAIM-JURISDICTION THEORY UNRESOLVED

Dkt. 135 did not decide the controlling *Royal Canin* question presented here. Although entered after *Royal Canin*, Dkt. 135 returned to the earlier colorability analysis. Footnote 2 expressly stated that the District Court *"does not reach"* Kaiser's separate contention that its counterclaim also conferred federal jurisdiction. The alternative jurisdictional theory that might have supported proceedings after Dkt. 14 was therefore expressly left unresolved.

The timing is independently substantial. Dkt. 14 became operative before Kaiser filed Dkt. 22. If *Royal Canin* required remand when Dkt. 14 eliminated the federal jurisdictional anchor, the remand obligation arose before Kaiser's later counterclaims existed in the federal action. A later counterclaim could not retroactively answer the antecedent question whether the District Court was already required to remand when Dkt. 14 became operative.

## IX. KAISER'S RULE 60(b)(4), REPETITIVE-LITIGATION, AND "WRONG COURT" ARGUMENTS DO NOT ESTABLISH FRIVOLOUSNESS

Kaiser's Espinosa/Nemaizer argument concerns the ultimate Rule 60(b)(4) merits standard—whether the court lacked even an arguable jurisdictional basis—not Hooker's preliminary question whether this appeal contains at least one nonfrivolous issue. Royal Canin's intervening operative-pleading question satisfies that threshold.

Appellants do not contend that every later change in law renders an earlier judgment void, or that *Rule 60(b)(4)* substitutes for an ordinary appeal. Their narrower contention is that *Royal Canin* supplies the controlling framework for determining whether federal subject-matter jurisdiction ceased when Dkt. 14 became operative, and that Dkt. 135 never decided that antecedent jurisdictional question. Whether that contention ultimately satisfies *Espinosa* is a merits question; it plainly has an arguable basis in law sufficient under *Hooker*.

The prior appeal does not resolve the issue presented here. That appeal preceded *Royal Canin* and therefore could not have decided the jurisdictional consequence that intervening decision assigns to Dkt. 14 as the operative post-removal pleading. The present appeal accordingly does not ask this Court merely to revisit the issue resolved in the earlier appeal; it asks whether subsequently controlling Supreme Court law changes the jurisdictional consequence of an already-established procedural event.

Kaiser also says Appellants sought IFP relief in the wrong court. But the Ninth Circuit's August 13, 2026 case-specific Docketing Notice directed Appellants to pay or request a waiver within 21 days and instructed how "[t]o ask this court to waive your filing fee." Appellants followed that notice. That procedural dispute does not make the separate jurisdictional issues frivolous.

## X. CONCLUSION

The permanent injunction continues to bind Appellants and monetary obligations remain outstanding. This appeal therefore presents a live threshold question of federal judicial power.

The Court need not resolve the merits now. Under Hooker, one nonfrivolous issue is sufficient. Royal Canin's application to Dkt. 14, Dkt. 31/Lopez, the "necessarily federal" inquiry under Medtronic, Atay, Standard Insurance, and Franchise Tax Board, Dkt. 22's state-law route, and Dkt. 135's express nondecision on counterclaim jurisdiction present substantial questions warranting merits review.

Appellants respectfully request that the Court determine that the appeal is not frivolous, permit IFP status, lift the briefing stay, and allow the appeal to proceed on the merits.

Dated: September 10, 2026

Respectfully submitted,

| | |
|---|---|
| s/ Stephan C. Dean | s/ Liza D. Dean |
| STEPHAN C. DEAN | LIZA D. DEAN |
| Plaintiff-Appellant, Pro Se | Plaintiff-Appellant, Pro Se |

Both Appellants concur in the content of this filing.