**CASE NO. 26-5215**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

STEPHAN DEAN, et al.,

*Plaintiffs-Appellants,*

v.

KAISER FOUNDATION HEALTH PLAN, INC., et al.,

*Defendants-Appellees*.

Appeal from the United States District Court
Central District of California
Case No. 5:22-cv-00278-MCS-KK (Hon. Mark C. Scarsi)

## RESPONSE TO APPELLANTS' STATEMENT ON WHETHER THE APPEAL IS FRIVOLOUS AND SHOULD GO FORWARD

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

Jack Burns
*jburns@sheppard.com*

Jill Pietrini
*jpietrini@sheppard.com*

Paul Bost
*pbost@sheppard.com*

501 West Broadway, 19th Floor
San Diego, CA 92101
Telephone: 619.338.6500

*Attorneys for Defendants and Appellees KAISER FOUNDATION HEALTH PLAN, INC. and KAISER FOUNDATION HOSPITALS*

## I. INTRODUCTION

The Court should dismiss this appeal by Stephan and Liza Dean ("the Deans") because it is frivolous. The Deans contend that the District Court lacked jurisdiction over this case because they voluntarily dismissed three of their four causes of action after Kaiser Foundation Health Plan, Inc. and Kaiser Foundation Hospitals (together, "Kaiser") moved to dismiss and to strike their complaint. The Deans did not make this argument in a timely appeal after the District Court's entry of judgment. Nor do they contend that the District Court's exercise of jurisdiction was improper under authority that existed while the case was pending. Rather, they bring this appeal more than three years after the District Court entered judgment contending that "intervening" authority in *Royal Canin USA, Inc. v. Wullschleger*, 604 U.S. 22 (2025) changed the jurisdictional analysis. The Deans' argument fails on all counts.

After the Deans dismissed three of their causes of action, their remaining claim sought declaratory relief on their claimed right to use Kaiser's trademarks. This cause of action conferred federal subject matter jurisdiction. As the District Court explained, it had "jurisdiction to decide [the Deans'] claim for declaratory relief arising under federal law" because "the declaratory relief [the Deans] seek would require an adjudication of the parties' rights under federal law." The District Court's exercise of jurisdiction was correct as a matter of settled Ninth Circuit law.

*Royal Canin* would not impact jurisdiction even if it existed while this case was pending. *Royal Canin* held that a post-removal amendment of a complaint that removed *all* federal questions deprived the district court of federal subject matter jurisdiction. But *Royal Canin* is inapposite here because, again, the Deans did not dismiss their declaratory relief cause of action, which is the cause of action that the District Court relied on in exercising jurisdiction.

The Deans' appeal is particularly frivolous because they challenge a District Court's denial of a motion under Rule 60(b)(4). Rule 60(b)(4) does not replace a timely appeal; it relieves a party from a final judgment only in narrow circumstances when there was "*no arguable basis*" for jurisdiction. The Deans do not even try to satisfy this stringent standard, because they cannot. The Court's exercise of jurisdiction was appropriate under even the most searching standard of review, much less Rule 60(b)(4)'s deferential standard.

For each of these reasons, the Court should dismiss the Deans' appeal as frivolous.

## II. BACKGROUND

This case has a long and increasingly repetitive history, which is the subject of countless orders against the Deans. Kaiser repeats it here only as necessary.

This case arose after the Deans registered a domain name that included one of Kaiser's registered trademarks—<kphealthconnectusa.com>—and launched a

website thereon that displayed Kaiser's logos and offered to sell Kaiser's patients' private medical records. (ECF 31 at 4; ECF 105 at 3.) Kaiser successfully challenged the Deans' domain name for infringing its registered trademark. (ECF 31 at 4; ECF 105 at 3.) Then the Deans launched an identical website on the domain name <patientslist.org> and sued Kaiser in state court for breach of contract, interference with prospective economic advantage, injunctive relief, and declaratory relief. (ECF 31 at 4; ECF 105 at 3.) The Deans' declaratory relief claim sought a declaration that they have the right to use Kaiser's trademarks. (ECF 1-1 ¶ 34.)

Kaiser removed and then moved to dismiss and strike the Deans' complaint. (ECF 10, 11.) In response, the Deans voluntarily dismissed their contract, interference, and injunction causes of action. (ECF 14.) The Deans argued that this maneuver stripped the District Court of jurisdiction, but the District Court rejected their argument. (ECF 31 at 3.) The District Court agreed with Kaiser that the Deans' remaining claim for declaratory relief "depends on substantial questions of federal cybersquatting and trademark law." (*Id.*) Thus, the District Court had "jurisdiction to decide a claim for declaratory relief arising under federal law" and the Deans' dismissal of their other claims "d[id] not divest the Court of subject-matter jurisdiction." (*Id.*) After confirming its jurisdiction, the District Court

granted Kaiser's motions to dismiss and strike and ordered the Deans to pay Kaiser $50,804.89 in attorney's fees. (*Id.* at 10; Dkt. 34.)

While the Deans' declaratory relief claim remained pending, Kaiser asserted counterclaims against the Deans for, among other things, violation of federal trademark law based on the Deans' new website. (Dkt. 22 at 13-21.) In May 2023, the District Court granted Kaiser's motion for summary judgment on its claims against the Deans and enjoined them from using Kaiser's trademarks and patients' data. (Dkt. 105 at 14; Dkt. 106.) The Deans filed two motions to appeal *in forma pauperis*, and the District Court denied both as "frivolous." (DE 114; DE 117.) The Deans then appealed and this Court dismissed the appeal as "frivolous." *Dean v. Kaiser Found. Health Plan, Inc.*, No. 23-55580, 2024 WL 2828826, at *1 (9th Cir. Apr. 1, 2024).

Undeterred, the Deans then brought three separate cases seeking to relitigate this case: *Dean v. Kaiser Found. Health Plan, Inc.*, No. CVPS2402884 (Cal. Super. May 15, 2024); *Dean v. Kaiser Found. Health Plan, Inc.*, No. 5:24-cv-2742 (C.D. Cal. Dec. 27, 2024); *Dean v. Kaiser Found. Health Plan, Inc.*, No. CVPS2507250 (Cal. Super. Oct. 3, 2025). As a result of their continued litigation of decided issues, the state court entered an order declaring the Deans vexatious litigants and entered a prefiling order prohibiting them from suing *pro se* in California court without first obtaining leave of the presiding judge. *Dean v.*

*Kaiser Found. Health Plan, Inc.*, No. CVPS2507250, 2026 WL 1035669, at *5 (Cal. Super. Mar. 19, 2026). The Deans are now listed on the California vexatious litigant list. *Judicial Council of California Vexatious Litigant List* at 11, https://courts.ca.gov/system/files/file/vexlit.pdf (last accessed Sept. 11, 2026).

The Deans also brought four motions challenging the District Court's rulings and judgment under Rule 60(b). The first motion claimed that the District Court lacked jurisdiction over this case, and the District Court denied it, standing by its earlier jurisdictional analysis. (ECF 127 at 2) ("[T]he Court reasoned that it had original federal-question jurisdiction over Plaintiffs' claim for declaratory relief, which arose under federal cybersquatting and trademark law. . . . The Court stands by that analysis."). The Deans' second motion reargued legal theories that the District Court already considered. The District Court denied the motion, explaining that the Deans "fail to present any 'exceptional circumstances' for such an 'extraordinary remedy'" and holding that the Deans' theories continued to lack merit. (ECF 129 at 1.) The Deans' third motion again claimed that the District Court lacked jurisdiction over this case, and the District Court again rejected the argument. *Dean v. Kaiser Found. Health Plan, Inc.*, No. 5:25-CV-02938-MCS-DTB, 2025 WL 3725647, at *3 (C.D. Cal. Nov. 18, 2025) ("[T]he Court reasoned that it had original federal-question jurisdiction over Plaintiffs' claim for declaratory relief, which arose under federal cybersquatting and trademark law. . . .

The Court stands by this analysis.”). The Deans’ fourth motion yet again claimed that the District Court lacked jurisdiction over this case, and the District Court rejected the argument for a fourth time. (ECF 135.) Indeed, the District Court concluded that the Deans could not pursue any further relief against Kaiser without violating Rule 11 of the Federal Rules of Civil Procedure. (*Id.* at 3 (“[T]he Court does not perceive that the Deans can pursue any further relief in this postjudgment case and still comport with Federal Rule of Civil Procedure 11(b).”)).

After the District Court denied the Deans’ fourth Rule 60(b) motion, the Deans filed this appeal.

## III. LEGAL STANDARD

Under 28 U.S.C. § 1915(e)(2), the Court shall dismiss an appeal at any time if it determines that the appeal is “frivolous.” An issue is frivolous if it lacks an arguable basis either in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

## IV. ARGUMENT

Like the Deans’ first appeal, this second appeal is frivolous. The District Court’s exercise of jurisdiction was correct as a matter of law. Thus, the Deans’ motion is frivolous under even the most searching standard of review, much less Rule 60(b)(4)’s “arguable basis” standard.

### A. The Court Correctly Exercised Jurisdiction

Removal is proper for any action in which the district court would have had original jurisdiction. 28 U.S.C. § 1441(a). Under 28 U.S.C. § 1338(a), a district court has original jurisdiction over an action "arising under any Act of Congress relating to . . . trademarks." When a declaratory judgment action "seeks in essence to assert a defense" to an impending or threatened action, courts also apply the well-pleaded complaint rule to the impending or threatened action. *Atay v. Cty. of Maui*, 842 F.3d 688, 697-98 (9th Cir. 2016). In other words, "the character of the threatened action" is used to determine whether there is federal-question jurisdiction. *Id*. at 698; *accord Medtronic, Inc. v. Mirowski Fam. Ventures, LLC*, 571 U.S. 191, 197 (2014).

In applying this analysis, courts "reposition the parties in a declaratory relief action by asking whether [the court] would have jurisdiction had the declaratory relief defendant been a plaintiff seeking a federal remedy." *Standard Ins. v. Saklad*, 127 F.3d 1179, 1181 (9th Cir. 1997); *Franchise Tax Bd. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 11 (1983) ("Federal courts have regularly taken original jurisdiction over declaratory judgment suits in which, if the declaratory judgment defendant brought a coercive action to enforce its rights, that suit would necessarily present a federal question.").

In *Medtronic*, for example, the Supreme Court confirmed federal jurisdiction in a declaratory judgment case involving patents. 571 U.S. at 197. Under 28 U.S.C.

§ 1338, patents—like trademarks—are subject to federal jurisdiction. Like the Deans here, Medtronic sought to establish through its declaratory judgment suit that its intended use did not constitute infringement. *Medtronic*, 571 U.S. at 197. As the Supreme Court explained, if Medtronic were to act on its belief that it was not engaged in infringement, the defendant could bring a federal action for patent infringement. *Id.* Consequently, the Supreme Court explained, there was federal jurisdiction because Medtronic's "declaratory judgment action, which avoids that threatened action, also 'arises under' federal patent law." *Id.* at 198.

Under Ninth Circuit law, the same standard applies to removed actions. In *Atay v. County of Maui*, as here, the plaintiffs filed a declaratory relief action in state court to resolve questions surrounding an action's legality under federal law. 842 F.3d at 695-96. The defendants removed to federal court, which denied the plaintiffs' motion to remand. *Id*. at 695. While there were "no federal claims present on the face of" the plaintiffs' complaint in *Atay*, the district court explained that this did not matter because "*the inquiry is focused on the nature of a well-pleaded complaint that the declaratory judgment defendant could bring*." *Atay v. Cnty. of Maui*, No. 14-cv-582, 2015 WL 998792, at *4 (D. Haw. Mar. 5, 2015) (emphasis added). The plaintiffs then appealed the district court's denial of the motion to remand to the Ninth Circuit, which affirmed and confirmed that the case was properly removed. *Atay*, 842 F.3d at 697-98 ("In these circumstances, it is the

character of the [threatened federal action] action, in which questions of federal preemption are front and center, that determines whether there is federal question jurisdiction. Therefore, the district court did not err in denying [the plaintiffs'] motion to remand.").

The District Court properly exercised jurisdiction here under *Medtronic* and *Atay*. Just as in those cases, the declaratory relief sought by the Deans was essentially a defense to a federal action by Kaiser. Kaiser's pre-suit cease and desist letter and the Deans' response confirm that the Deans brought their declaratory relief action to avoid Kaiser's federal claims. (ECF 22 at 10; Exhs. D & E.) The Deans try to avoid *Medtronic* by claiming that Kaiser also had state contract claims against the Deans. (Mot. at 5.) But *Medtronic* rejected this same argument. 571 U.S. at 197. At bottom, the Deans sought a declaration that would relieve them from an action by Kaiser to assert rights under federal trademark law. Thus, *Medtronic* and *Atay* are controlling and confirm that removal was appropriate.

**B. The Deans' Jurisdictional Arguments Lack Merit**

The Deans' primary argument on appeal is that *Royal Canin* undermines the District Court's exercise of jurisdiction. (Mot. at 2, 3, 9.) But *Royal Canin* does not support the Deans. *Royal Canin* held that a post-removal amendment of a complaint that removed *all* federal questions deprived the district court of federal

subject matter jurisdiction. *Id.* at 33. *Royal Canin* is inapposite here because the Deans did not dismiss their declaratory relief cause of action, which is the cause of action that the District Court relied on in exercising jurisdiction. (ECF 31 at 3.) As a result, the Deans' amendment did not remove *all* federal questions from their complaint.

The Deans next contend that, since the District Court ultimately dismissed their declaratory relief cause of action, that cause of action could not have supplied jurisdiction. (Mot. at 4.) The Deans' argument conflates the Court's *jurisdiction over* their case with the *merits of* their case. That the Deans' declaratory relief claim failed on the merits has no bearing on the Court's jurisdiction over it. *Arbaugh v. Y&H Corp*., 546 U.S. 500, 513-16 (2006). In *Arbaugh*, the plaintiff invoked federal question under a federal law, Title VII, that specifies, as a prerequisite to its application, that the defendant have fifteen or more employees. *Id.* at 513. While it later turned out that the defendant had fewer than fifteen employees, that fact went to the merits, not to the existence of federal question jurisdiction. *Id.* at 515. Thus, the Supreme Court held, the federal district court retained subject matter jurisdiction over the case. *Id.* Similarly, in this case, the Deans are correct that their declaratory relief claim lacked merit; indeed, the District Court dismissed that claim for that reason. But the claim's lack of merit is irrelevant to the question of jurisdiction.

The District Court's refusal to exercise jurisdiction over other cases filed by the Deans does not undermine its jurisdiction over this case. The District Court explained that it did not exercise jurisdiction over the Deans' later cases because the Deans framed the declaratory relief they sought differently. *Dean v. Kaiser Found. Health Plan, Inc.*, No. 5:25-CV-02938, 2025 WL 3725647, at *3 (C.D. Cal. Nov. 18, 2025). Specifically, in this case, the Deans sought a "declaration that Plaintiffs have the right to use Defendants' trademarks," which "would require an adjudication of the parties' rights under federal law." *Id.* In contrast, in later cases the Deans sought a declaration that a "settlement and release agreement resolved all outstanding issues between the parties." *Id.* The District Court specifically rejected the Deans' argument that the refusal to exercise jurisdiction in a subsequent case contradicts its jurisdiction over this case, explaining that the declaratory relief sought by the Deans drove its decisions in the cases. *Id.* The Deans omit the District Court's explanation rejecting their argument because they have no answer for it.

Finally, the Deans' argument regarding whether Kaiser's counterclaims supplied jurisdiction does not support their appeal because it is also irrelevant. (Mot. at 10.) The District Court needed only one basis for jurisdiction, and the Deans' declaratory relief cause of action supplied it. That is why the District Court

declined to address Kaiser's argument that its counterclaims supplied an additional basis for jurisdiction. (ECF 135 at 3 n.2.)

### C. The Deans Ignore Rule 60(b)(4)'s Stringent Burden

The Deans' motion fails under any standard because the District Court clearly had jurisdiction. But the stringent standard for granting relief under Rule 60(b)(4)—the provision under which the Deans brought the motion that serves as the basis for their appeal—reveals by how far the Deans miss the mark.

Rule 60(b)(4) allows a court to relieve a party from a final judgment if "the judgment is void." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 270 (2010). A motion under Rule 60(b)(4) does not replace a timely appeal and a judgment is not void "simply because it is or may have been erroneous." *Id.* Instead, Rule 60(b)(4) relief is reserved "for the exceptional case in which the court that rendered judgment lacked even an '*arguable basis'* for jurisdiction." *Id.* at 271 (quoting *Nemaizer v. Baker*, 793 F.2d 58, 65 (2d Cir. 1986)) (emphasis added). "'[T]otal want of jurisdiction must be distinguished from an error in the exercise of jurisdiction, and . . . *only rare instances of a clear usurpation of power will render a judgment void*.'" *Espinosa*, 559 U.S. at 271 (quoting *United States v. Boch Oldsmobile, Inc*., 909 F.2d 657, 661 (1st Cir. 1990)) (emphasis added). This rigorous standard reflects the Court's "strong interests in the finality of judgments." *Hoffmann v. Pulido*, 928 F.3d 1147, 1150 (9th Cir. 2019).

*Nemaizer*—which the Supreme Court's *Espinosa* decision quoted for the "arguable basis" standard—illustrates Rule 60(b)(4)'s standard. There, the district court errantly exercised jurisdiction over an action removed to federal court on ERISA preemption grounds. *Nemaizer*, 793 F.2d at 64. But that did not render the court's judgment in the case void or warrant Rule 60(b)(4) relief. As the court emphasized, cases allowing an attack of a judgment under Rule 60(b)(4) "always involve[d] a clear usurpation of power by a district court, and *not an error of law in determining whether it has jurisdiction*." *Id*. at 65 (emphasis added). The court therefore held that Rule 60(b)(4) relief is appropriate only when "there is a total want of jurisdiction and no arguable basis on which it could have rested a finding that it had jurisdiction." *Id.* Because caselaw supported the application of ERISA preemption in some cases, the court held that the district court could have reasonably (albeit erroneously) found a basis for jurisdiction. *Id.* The exercise of jurisdiction was thus immune from challenge under Rule 60(b)(4). *Id.*

*Nemaizer* and *Espinosa* demonstrate how frivolous the Deans' appeal is. The Deans do not even try to argue that the District Court lacked an "arguable basis" for its exercise of jurisdiction over this case such that it could be accused of engaging in "a clear usurpation of power." *Id.*; *Espinosa*, 559 U.S. at 271. At most, the Deans argue an error of law, akin to the exercise of jurisdiction based on ERISA preemption in *Nemaizer*. But an error of law is not enough to satisfy Rule

60(b)(4). In fact, the Deans' (mistaken) reliance on authority that post-dates the District Court's entry of judgment *proves* that they cannot satisfy Rule 60(b)(4)'s standard. That is because "[a] judgment is not void and is therefore not within [Rule 60(b)(4)'s] ambit simply because it is erroneous, *or is based upon precedent which is later deemed incorrect or unconstitutional*." Wright & Miller, 11 Fed. Prac. & Proc. Civ. § 2862 (April 2026 Update) (emphasis added).

Rather than address Rule 60(b)(4), the Deans try to avoid it by contending that the Rule 60(b)(4)standard constitutes a "merits question." That is not accurate. The Deans appeal an order denying their motion for relief under Rule 60(b)(4), so Rule 60(b)(4) supplies the legal standard for whether the Deans' appeal has a basis in law—i.e., whether it is frivolous. That the Deans cannot even muster an argument for why the District Court's exercise of jurisdiction fell short of the applicable legal standard confirms that the Deans' appeal should be dismissed.

## V. CONCLUSION

The Deans' appeal is frivolous. The District Court correctly exercised jurisdiction over this case and the Deans do not even address—let alone overcome—the deferential "arguable basis" standard that governs motions under Rule 60(b)(4), like the one that serves as the subject of the Deans' appeal. The Court should dismiss this case under 28 U.S.C. § 1915(e)(2), just like it did the Deans' first appeal.

Dated: September 18, 2026

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By *s/ Jack Burns*

Jack Burns
Jill Pietrini
Paul Bost
Attorneys for Kaiser Foundation Health Plan, Inc. and Kaiser Foundation Hospitals

## CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rule of Appellate Procedure 32(g)(1), I certify that the attached response complies with the typeface and type style requirements of Federal Rules of Appellate Procedure 32(a)(5) and (6). I also certify that, according to the word processing program with which the motion was prepared, the motion contains 3,299 words, excluding the items exempted by Federal Rule of Appellate Procedure 32(f), and that it therefore complies with the word limit of Federal Rule of Appellate Procedure 27(d)(2)(A).

Dated: September 18, 2026

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By *s/ Jack Burns*

Jack Burns
Jill Pietrini
Paul Bost
Attorneys for Kaiser Foundation Health Plan, Inc. and Kaiser Foundation Hospitals

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

## Form 15. Certificate of Service for Electronic Filing

*Instructions for this form: http://www.ca9.uscourts.gov/forms/form15instructions.pdf*

**9th Cir. Case Number(s)** 26-5215

I hereby certify that I electronically filed the foregoing/attached document(s) on this date with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit using the Appellate Electronic Filing system.

**Service on Case Participants Who Are Registered for Electronic Filing:**

☒ I certify that I served the foregoing/attached document(s) via email to all registered case participants on this date because it is a sealed filing or is submitted as an original petition or other original proceeding and therefore cannot be served via the Appellate Electronic Filing system.

**Service on Case Participants Who Are NOT Registered for Electronic Filing:**

☒ I certify that I served the foregoing/attached document(s) on this date by hand delivery, mail, third party commercial carrier for delivery within 3 calendar days, or, having obtained prior consent, by email to the following unregistered case participants *(list each name and mailing/email address)*:

Liza Dean
843133 Huntington Avenue
Coachella, CA 92236

**Description of Document(s)** *(required for all documents)*:

RESPONSE TO APPELLANTS' STATEMENT ON WHETHER THE APPEAL IS FRIVOLOUS AND SHOULD GO FORWARD

**Signature** /s/ Toy Poore **Date** September 18, 2026

*(use "s/[typed name]" to sign electronically-filed documents)*

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*