**UNITED STATES COURT OF APPEALS**
**FOR THE NINTH CIRCUIT**

STEPHAN C. DEAN and LIZA D. DEAN, dba SUREFILE FILING SYSTEMS,
Plaintiffs–Appellants,

v.

KAISER FOUNDATION HEALTH PLAN, INC. and KAISER FOUNDATION HOSPITALS,
Defendants–Appellees.

No. 26-5215
D.C. No. 5:22-cv-00278-MCS-KK

# APPELLANTS' REQUEST FOR RECONSIDERATION AND PETITION FOR PANEL REHEARING OF OCTOBER 22, 2026 ORDER (DKT. 13.1)

Pursuant to Federal Rule of Appellate Procedure 40, pro se Appellants Stephan C. Dean and Liza D. Dean respectfully request reconsideration and panel rehearing of the October 22, 2026 order (Dkt. 13.1), which denied their motions to proceed in forma pauperis and dismissed this appeal as frivolous under 28 U.S.C. § 1915(a), (e)(2). Appellants request that the panel accept this filing notwithstanding the order's statement that no further filings will be entertained in the closed case. The Clerk's Office advised Appellants that a request for reconsideration may be submitted.

## I. THE QUESTION IS ARGUABILITY, NOT WHETHER APPELLANTS MUST ULTIMATELY PREVAIL

The dismissal order contains no discussion of the jurisdictional issues presented in Appellants' response to the September 9, 2026 order or Kaiser's response. Appellants respectfully ask the panel to distinguish the demanding ultimate standard for vacatur under Rule 60(b)(4) from the threshold determination that an appeal is frivolous. A claim may fail under United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260 (2010), without being devoid of any arguable legal basis. This request does not assert that a mere error in determining subject-matter jurisdiction automatically renders a judgment void.

## II. DKT. 14, ROYAL CANIN, AND THE IDENTIFICATION OF AN INDEPENDENT JURISDICTIONAL BASIS

District-court Dkt. 31 expressly construed Appellants' post-removal Dkt. 14 as an amendment under Rule 15(a)(1)(B), superseding the removed complaint, and stated that only declaratory relief remained. Dkt. 31 nonetheless concluded that the declaratory controversy had a federal character; it also applied Lopez v. Wells Fargo Bank to dismiss declaratory relief as a remedy without an underlying cognizable claim. Appellants challenge the jurisdictional reasoning, not the existence of that express ruling.

Royal Canin U.S.A., Inc. v. Wullschleger, 604 U.S. 22 (2025), requires jurisdiction to be evaluated in light of an operative post-removal amendment when federal claims are eliminated. Although Royal Canin addressed supplemental jurisdiction and does not itself decide whether this particular declaratory complaint independently arose under federal law, it makes the amended pleading central. The arguable question is whether the Dkt. 14 declaratory controversy supplied an independent federal-question basis and, if not, whether the later Dkt. 22 counterclaims could sustain the subsequent federal proceedings. Dkt. 135 footnote 2 expressly declined to reach Kaiser's counterclaim-jurisdiction theory.

## III. MOBIL OIL, MEDTRONIC, AND THE ACTUAL CALIFORNIA CONTRACT CONTROVERSY

Under Mobil Oil Corp. v. City of Long Beach, 772 F.2d 534 (9th Cir. 1985), the character of a declaratory controversy cannot be decided merely by identifying federal subject matter in the background. Medtronic, Inc. v. Mirowski Family Ventures, LLC, 571 U.S. 191 (2014), applies the corresponding coercive-action inquiry; its patent license contemplated a federal patent-infringement action upon the relevant nonpayment and license consequences. The Deans' integrated California-governed release contains no comparable express termination-and-infringement mechanism. This factual distinction is not a contention that federal trademark jurisdiction requires contractual authorization: a Lanham Act claim arises under statute, and a contract defense alone does not eliminate federal jurisdiction. Rather, the court must identify the actual declaratory controversy and the corresponding coercive claim, rather than presume that an affirmative-permission theory and a relinquishment theory are identical.

## IV. THE ORIGINAL 2013 CALIFORNIA RULING SHOWS AN ACTUAL CONTRACT ADJUDICATION

The signed August 20, 2013 Riverside Superior Court order, Kaiser Foundation Health Plan, Inc. v. Dean, No. INC1207224, pp. 2–5 (Exhibit 5 to Appellants' Rule 60(b)(4) declaration), rejected Kaiser's contention that the Settlement Agreement applied only to nonpayment claims. It quoted the pleading's description of the settlement as resolving "all the outstanding issues between them," relied on the parties' pleadings, and held that the Agreement on its face was not confined to nonpayment claims. The court granted the Deans' motion for summary judgment. At the July 31, 2013 hearing, Judge Chapman stated that the Agreement established as a matter of law a release of all claims alleged in Kaiser's complaint. Certified transcript at 28:15–21.

The written order permitted Kaiser to amend and left the preliminary injunction in place pending further order; it did not itself dissolve that injunction or adjudicate every possible later trademark claim. Kaiser did not amend and later dismissed the state action with prejudice. These limitations do not negate the central point: the meaning and breadth of this same California release were actually litigated and adjudicated, giving Appellants a concrete basis to contest the characterization of the later declaratory dispute as necessarily federal.

## V. REQUESTED RELIEF

Appellants respectfully request that the panel (1) accept this timely request despite the no-further-filings language in Dkt. 13.1; (2) grant reconsideration or panel rehearing; (3) vacate the October 22, 2026 frivolousness dismissal; (4) reinstate the appeal and reconsider the denial of in forma pauperis status; and (5) allow the appeal to proceed to merits briefing or grant such other relief as appropriate. Appellants seek an opportunity for appellate consideration, not an advance ruling that their jurisdictional theory must prevail.

Respectfully submitted,

/s/ Stephan C. Dean
Stephan C. Dean, Appellant, pro se

/s/ Liza D. Dean
Liza D. Dean, Appellant, pro se

Dated: October 22, 2026

## CERTIFICATE OF SERVICE

I certify that on October 22, 2026, this document is being filed electronically through the Ninth Circuit's appellate electronic filing system. Registered counsel of record will receive electronic notice and service through that system. I will separately serve any participant not served electronically as required by Federal Rule of Appellate Procedure 25.

/s/ Stephan C. Dean

## CERTIFICATE OF COMPLIANCE

I certify that this petition contains 821 words, excluding the portions exempted by Federal Rule of Appellate Procedure 32(f), and complies with the type-volume limit of Federal Rule of Appellate Procedure 40. This document is prepared in 12-point proportionally spaced serif type.

/s/ Stephan C. Dean