**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| **STEPHAN C. DEAN and LIZA D. DEAN, dba SUREFILE FILING SYSTEMS,**<br><br>Plaintiffs–Appellants,<br><br>v.<br><br>**KAISER FOUNDATION HEALTH PLAN, INC., and KAISER FOUNDATION HOSPITALS, INC.,**<br><br>Defendants–Appellees. | **No. 26-5215**<br><br>**D.C. No. 5:22-cv-00278-MCS-KK** |

**APPELLANTS' MOTION FOR LEAVE TO SUBMIT A LIMITED MOTION FOR CLARIFICATION AND RELATED RELIEF CONCERNING THE OCTOBER 22, 2026 FILING RESTRICTION AND DOCKET ENTRY 14.1**

Appellants Stephan C. Dean and Liza D. Dean, appearing pro se, respectfully move for leave to submit this limited request for clarification and related relief. Appellants recognize that the Court's October 22, 2026 order states: "This court will not entertain further filings in this closed case." Appellants do not seek to disregard that directive. They ask the Court to permit this limited filing so that the procedural status of their October 22, 2026 petition for panel rehearing (Dkt. 14.1) can be clarified.

This motion concerns the treatment of Dkt. 14.1, not a renewed presentation of the underlying jurisdictional arguments. During a conversation with the Ninth Circuit Clerk's Office on November 13, 2026, at approximately 11:35 a.m., Appellants were advised that Dkt. 14.1 had not been considered because of the October 22 order's prohibition on further filings. Appellants therefore seek clarification from the Court itself concerning the legal effect of that prohibition and the status of the timely petition.

## I. RELEVANT PROCEDURAL HISTORY

1. On October 22, 2026, the panel entered Dkt. 13.1, denying Appellants' motions to proceed in forma pauperis and dismissing the appeal as frivolous under 28 U.S.C. § 1915(a) and (e)(2).

2. The same order stated: "This court will not entertain further filings in this closed case."

3. Also on October 22, 2026, Appellants submitted Dkt. 14.1, expressly titled "Appellants' Request for Reconsideration and Petition for Panel Rehearing of October 22, 2026 Order (Dkt. 13.1)." The petition invoked Federal Rule of Appellate Procedure 40 and asked the panel to

accept the filing notwithstanding the no-further-filings language in Dkt. 13.1.

4. Dkt. 14.1 was submitted on the same date as the order it challenged, and thus within the ordinary fourteen-day period provided by Federal Rule of Appellate Procedure 40(d)(1).

5. On November 13, 2026, at approximately 11:35 a.m., Appellants spoke with the Ninth Circuit Clerk’s Office concerning the status of Dkt. 14.1. During that conversation, the Clerk’s Office advised Appellants that Dkt. 14.1 had not been considered because the October 22, 2026 order prohibited further filings in the closed case. Appellants understand this information to mean that Dkt. 14.1 was not denied following panel consideration of its arguments, but instead was not considered because of the filing restriction.

6. The mandate issued on November 13, 2026. It confirms that the October 22 judgment took effect on November 13, 2026, but does not explain whether Dkt. 14.1 was referred to the panel, rejected as unauthorized, or otherwise disposed of.

## II. THE COURT’S RULES CONTEMPLATE FURTHER CONSIDERATION OF TERMINATING ORDERS UNDER RULE 40

Ninth Circuit Rule 27-10(a)(1) provides that a party seeking further consideration of an order that terminates a case or otherwise concludes proceedings in this Court must comply with the time limits of FRAP 40(d)(1).

FRAP 40(a) identifies panel rehearing as the ordinary means of seeking reconsideration of a panel decision. FRAP 40(b)(1) requires a petition to identify with particularity the points of law or fact allegedly overlooked or misapprehended. Appellants’ Dkt. 14.1 was expressly submitted as a petition for panel rehearing and identified the legal issues they contended warranted further consideration.

Appellants recognize that FRAP 2(a) authorizes a court of appeals, for good cause or to expedite its decision, to suspend provisions of the appellate rules in a particular case and direct the proceedings as it determines appropriate.

The October 22 order, however, did not expressly cite FRAP 2(a), state that FRAP 40 was suspended, or identify whether the no-further-filings language was intended to preclude the filing and consideration of a timely petition for panel rehearing. Appellants do not presume that the Court lacked authority to impose a filing restriction. They respectfully request clarification whether the Court intended the sentence to operate as a suspension of the ordinary Rule 40 rehearing procedure in this case.

That clarification matters because the petition was submitted on the date of the dismissal order, expressly invoked Rule 40, and specifically asked the panel to accept it notwithstanding the filing restriction.

## III. THE REQUEST IS FOR PROCEDURAL CLARIFICATION, NOT A SECOND MERITS PETITION

Appellants are not asking the Court to treat this motion as another petition for panel rehearing. Dkt. 14.1 already presented the grounds on which Appellants sought panel rehearing.

The present request is narrower. Appellants seek to determine:

1. Whether the October 22 no-further-filings sentence was intended to suspend or displace the ordinary procedure under FRAP 40 and Ninth Circuit Rule 27-10(a)(1);

2. Whether Dkt. 14.1 was excluded from panel consideration solely because of that sentence;

3. Whether the Court regards Dkt. 14.1 as procedurally rejected, denied, or otherwise disposed of, and, if so, on what basis; and

4. Whether the Court will permit the timely petition to be considered, or provide other appropriate relief concerning its procedural status.

The distinction between a petition denied after consideration and a petition not considered because of a filing restriction is material. Appellants seek an accurate understanding of which occurred here.

Appellants also recognize that the Court may conclude that the October 22 order itself validly exercised the authority provided by FRAP 2(a). If that was the Court's intent, Appellants respectfully request that the Court clarify that point so that the procedural record is clear.

## IV. REQUESTED RELIEF

Appellants respectfully request that the Court:

1. Grant leave to submit this limited motion notwithstanding the October 22 no-further-filings directive;

2. Clarify whether the October 22 directive was intended to suspend or displace the ordinary panel-rehearing procedure under FRAP 40 and Ninth Circuit Rule 27-10(a)(1);

3. Clarify whether Dkt. 14.1 was considered by the panel, rejected without panel consideration, or otherwise disposed of, and identify the procedural basis for that treatment;

4. If Dkt. 14.1 was not considered, permit the panel to consider that timely petition or direct such other procedure as the Court deems appropriate; and

5. Grant any other relief necessary to clarify the procedural status of Dkt. 14.1.

Appellants do not request oral argument. They respectfully submit that the matter can be resolved on the existing docket and the limited procedural record.

Respectfully submitted,

/s/ Stephan C. Dean
**Stephan C. Dean**
Appellant, pro se

/s/ Liza D. Dean
**Liza D. Dean**
Appellant, pro se

Dated: November 13, 2026

## CERTIFICATE OF SERVICE

I certify that on November 13, 2026, I submitted this document through the Ninth Circuit's appellate electronic filing system. Registered counsel of record will receive electronic notice and service through that system. I will separately serve any participant not served electronically as required by Federal Rule of Appellate Procedure 25.

/s/ Stephan C. Dean
Stephan C. Dean